21602

The STATE, Respondent, v. Ava BROWDER and George Hurst, Appellants.

(284 S. E. (2d) 775)

*Jack W. Lawson, Jr.,* Florence, *for appellants.*

*Atty. General Daniel R. McLeod* and *Asst. Attys. Gen. Lindy P. Funkhouser* and *Preston F. McDaniel,* Columbia, and *Sol. Dudley Saleeby, Jr.,* Florence, *for respondent.*

November 24, 1981.

GREGORY, Justice:

Appellant Hurst was convicted of violating Section 16-15-390 of the South Carolina Code (1976) (Cum. Supp. 1980) by placing or failing to remove sexually oriented materials on public display; he was also convicted of violating Section 16-15-310 of the South Carolina Code (1976) (Cum. Supp. 1980) by disseminating obscene motion pictures. Hurst received six-month concurrent sentences for the two violations.

Appellant Browder was convicted of violating both code sections on two separate occasions. He received a one-year term and a concurrent one-year term for the violations of § 16-15-310. He received a six-month consecutive term and a one-year concurrent term for the two violations of § 16-15-390.

We affirm appellants' convictions under § 16-15-310. We reverse appellants' convictions under § 16-15-390.

Appellants assert the trial judge erred in denying their motion for continuance based on the absence of out of state counsel. We disagree.

Motions for continuance are addressed to the sound discretion of the trial judge, whose decision will not be disturbed on appeal absent a clear showing of abuse of discretion. See cases collected at 7A West's South Carolina Digest, *Criminal Law;* Key No. 586.

In the instant case, appellants' counsel moved for a continuance in chambers immediately before the jury was qualified. His oral motion, unsupported by affidavits, was based on the fact that the Atlanta, Georgia attorney specialized in obscenity cases and first amendment law, whereas South Carolina counsel had never tried such a case. South Carolina counsel did not know the nature of the Georgia attorney's conflict, and admitted he had not attempted to admit the Georgia attorney *pro hac vice.* The solicitor had not been notified previously that appellants had retained out of state counsel.

In *State v. Fields,* 264 S. C. 260, 214 S. E. (2d) 320 (1975); *cert. denied,* 423 U. S. 925, 96 S. Ct. 269, 46 L. Ed. (2d)

252 (1975), this Court held that denial of defendant's motion for continuance so that a North Carolina attorney could be present was not an abuse of discretion where defendant was ably represented by trial counsel.

Based on a full review of the record in this case, we ▮ find appellants' counsel represented them competently; thus the denial of their motion for continuance did not constitute an abuse of discretion.

Appellants then argue the trial judge erred in denying their motions for directed verdicts of acquittal as to the three counts of violation of § 16-15-390. We agree.

This section provides:

Any person who intentionally and knowingly places sexually oriented materials *upon public display,* or who knowingly and intentionally fails to take prompt action to remove such a display from property in his possession after learning of its existence, shall be deemed guilty of a misdemeanor and shall be punished as provided in § 16-15-430. (Emphasis added.)

Section 16-15-290 of the South Carolina Code (1976) (Cum. Supp. 1980) provides that a person places sexually oriented material *"upon public display* within the meaning of Sections 16-15-390 and 16-15-400 if he places that material on or in a billboard, viewing screen, theater, stage or marquee, newsstand, display rack, window, showcase, display case or similar place so that explicit sexually oriented material is easily visible from a public street, public road or sidewalk or from the normally occupied property of others." (Emphasis added.)

The State concedes the record contains no evidence ▮ that the materials were "upon public display." Thus, appellant Hurst's conviction for violation of § 16-15-390 and his six-month concurrent sentence must be reversed. Appellant Browder's conviction for two violations of § 16-15-390, and both his six-month consecutive sentence and one-year concurrent sentence must be reversed.

Next, appellants maintain the trial judge erred in failing to direct a verdict as to their convictions for violation of § 16-15-310. We disagree.

That section provides in pertinent part that "[n]o person shall intentionally disseminate in any public place any motion picture which he knows or reasonably should know to be obscene. . . ."

Appellants primarily assert that as mere employees who had no possessory interest in the building, they did not "disseminate" obscene motion pictures. It is undisputed that appellants provided change which was necessary to operate projectors in the individual viewing booths. A person "disseminates," as defined by § 16-15-260(j), (4) of the South Carolina Code (1976) (Cum. Supp. 1980) is one who [e]xhibits, presents, rents, sells, delivers, or *provides; or* offers or *agrees* to exhibit, present, *rent* or *to provide;* any still or motion picture, film, filmstrip. . . ." (Emphassi added.) By providing change for viewing these films, appellants rented, provided, or agreed to rent or provide them to members of the general public who visited the adult book store.

Thus, the trial judge properly denied the motions for directed verdicts under § 16-15-310.

Appellants point out in their brief that § 16-15-310 contains an error: it provides one convicted for dissemination of obscene movies "shall be punished as provided in *§ 16-15-440.*" (Emphasis added), although § 16-15-430 provides the penalties for "convictions under §§ 16-15-300 through 16-15-320. . . ." Appellants made no objection on this basis when the sentences were imposed, nor does the record contain any exception raising this question.

It is clear that § 16-15-310's reference to § 16-15-440 as the penalty staute is a scrivener's error and that sentence was properly imposed on appellants pursuant to § 16-15-430.

Accordingly, appellants' convictions under § 16-15-310 are affirmed. Their convictions under § 16-15-390 are reversed.

Affirmed in part; reversed in part.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.