22481

Annie BRASINGTON, Respondent v.
Freddie Lee SHANNON, Appellant.
(341 S. E. (2d) 130)

Supreme Court

*Jack F. McGuinn,* Columbia, *for appellant.*

*Annie Brasington, pro se.*

Submitted Jan. 22, 1986.

Decided Feb. 26, 1986.

NESS, Chief Justice:

Appellant Shannon appeals from two orders of the family court which held him in contempt of court for failure to pay child support. We reverse.

Pursuant to Family Court Rule 53, the clerk of court issued a rule to show cause requiring Shannon to appear to show cause why he should not be held in contempt. Shannon appeared with his attorney, and the trial judge advised the burden of proof was on Shannon. This was error.

In an action for contempt, the burden of proof is on the moving party. See, *e.g., State v. Bowers,* 270 S. C. 124, 241 S. E. (2d) 409 (1978). The use of a rule to show cause to initiate the proceeding does not shift the burden of proof to the respondent. 60 C. J. S., *Motions & Orders,* Section 37(5).

Contempt results from the willful disobedience of a court order. Before a court finds a person in contempt, the record must clearly and specifically reflect the contemptuous conduct. *Moseley v. Mosier,* 279 S. C. 348, 306 S. E. (2d) 624 (1983); *Bigham v. Bigham,* 264 S. C. 101, 212 S. E. (2d) 594 (1975). In a proceeding for contempt for violation of a court order, the moving party must show the existence of the order and the facts establishing the respondent's noncompliance. *Means v. Means,* 277 S. C. 428, 288 S. E. (2d) 811 (1982). The burden then shifts to the respondent to establish his defense and inability to comply with the order. *Id.; Pratt v. South Carolina Department of Social Services,* 283 S. C. 550, 324 S. E. (2d) 97 (Ct. App. 1984).

In a Rule 53 proceeding, the clerk of court must identify the court order which the respondent has allegedly violated, and must identify the specific acts or omissions which constitute noncompliance. These facts must be alleged in the affidavit which supports the rule. See, *e.g. State v. Johnson,* 249 S. C. 1, 152 S. E. (2d) 669 (1967); *Hornsby v. Hornsby,* 187 S. C. 463, 198 S. E. 29 (1938).

In the present case, the affidavit which supported the rule asserted Shannon had failed to obey an order of the court, but it did not identify the order or the

manner in which the order had been violated. The affidavit was insufficient to put Shannon on notice of the charges to which he was required to respond.

Because of the insufficiency of the affidavit and the improper shifting of the burden of proof, the orders of the trial judge are reversed.

Reversed.

GREGORY, CHANDLER and FINNEY, JJ., and BRUCE LITTLEJOHN, Acting J., concur.

HARWELL, J., not participating.