## 22953

The STATE, Respondent v. John R. HARPER, II, Appellant.

(376 S. E. (2d) 272)

Supreme Court

*John R. Harper, II, pro se,* and *Hemphill P. Pride, II,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for respondent.*

Heard Dec. 5, 1988.

Decided Feb. 6, 1989.

*Per Curiam:*

The appellant, John R. Harper, II (Harper), was cited for six counts of criminal contempt in magistrate court and sentenced to pay a fine of one hundred twenty dollars or seventy-two hours imprisonment. On appeal, the circuit court affirmed appellant's convictions. Harper now appeals to this Court. We reverse.

Harper, an attorney, represented a defendant on a charge of simple assault at a trial before Magistrate George W. Jefferson on August 29, 1985. Harper made several pretrial motions, including a challenge to the composition of the jury. The magistrate proceeded with the trial without polling the jury, as requested by Harper. During these pretrial proceedings, the magistrate ordered Harper to be seated and not to speak without first obtaining permission from the court. On several occasions, Harper requested permission to address the court and on each occasion, the magistrate cited him for contempt.

At one point, the magistrate ordered Harper to leave the courtroom and Harper complied. Thereafter, Harper's client, *pro se*, was found guilty. Harper's client appealed, and the Court of General Sessions reversed her conviction finding that the selection of the jury was defective.

On September 3, 1985, the magistrate issued an order requiring Harper to show cause why he should not be held in contempt. At the Show Cause Hearing, Harper was held in contempt and sentenced to pay a fine of one hundred twenty dollars or seventy-two hours in jail.

The appellant contends that he complied with the trial court's directives and that there was insufficient evidence in the record to support the finding of contempt.

Contempt is an extreme measure and the power to adjudge in contempt is not to be lightly asserted. *Brasington v. Shannon,* 288 S. C. 183, 341 S. E. (2d) 130 (1986); *Bigham v. Bigham,* 264 S. C. 101, 212 S. E. (2d) 594 (1975). It is well settled that contempt results from willful disobedience of an order of the court; and before a person may be held in contempt, the record must be clear and specific as to acts or conduct upon which such finding is based. *Curlee v. Howle,* 277 S. C. 377, 287 S. E. (2d) 915 (1982).

South Carolina Code Annotated Section 22-3-950 (1976) sets forth the magistrate's power to punish for contempt. This section provides:

> Every magistrate shall have power to enforce the observance of decorum in his court while holding the same and for that purpose he may punish any person who shall in the presence of the court, offer an insult to the magistrate or a juror or who shall be willfully guilty of an undue disturbance of the proceedings before the magistrate while sitting officially, as for a contempt, by fine and imprisonment, either or both, not exceeding $20.00 fine and twelve (12) hours imprisonment.

The magistrate's return in this case did not allege a clear and specific violation of any of the elements within the statute; i.e., the offering of an insult to the magistrate or to a juror or the willful commission of an undue disturbance of the proceedings before the magistrate while sitting officially. The magistrate made no findings relative to violations of section 22-3-950. The return merely states that Harper stood to make objections regarding the composition of the jury and six times he was cited for contempt.

The rule with regard to contempt of court by an attorney begins with recognition that under our adversarial system of justice, zealous[1] advocacy on the part of the attorney must be permitted. *State v. Boyd,* 166 W. Va. 690, 276 S. E. (2d) 829 (1981). The arguments of a lawyer in presenting his client's case strenuously and persistently cannot amount to a contempt of court so long as the lawyer does not in some way create an obstruction which blocks the judge in the performance of his judicial duty. *In re McConnell,* 370 U. S. 230, 82 S. Ct. 1288, 8 L. Ed. 2d 434 (1962). In *McConnell,* the attorney made continued attempts to offer proof on an issue that the judge had ruled inadmissible. He persisted in trying to vouch the record to show the basis for his allegation of error in the court's ruling. The Supreme Court reversed the contempt finding and held that it could

---

[1] "A lawyer should represent a client zealously within the bounds of the law." Supreme Court Rule 32; Code of Professional Responsibility, Canon 7 (1988).

not be clearly shown on that record that the attorney's statements obstructed the court. The Court articulated:

> "An obstruction to the performance of judicial duty resulting from an act done in the presence of the court is, then, the characteristic upon which the power to punish for contempt must rest. This being true, it follows that the presence of that element must clearly be shown in every case where the power to punish for contempt is exerted ..." 370 U. S. at 234, 82 S. Ct. at 1291, 8 L. Ed. 2d at 437 (quoting *ex parte Hudgings*, 249 U. S. 378, 383, 39 S. Ct. 337, 339, 63 L. Ed. 656, 658 (1919) ).

The facts in *Harper* and *McConnell* are analogous. In both instances the attorneys were vigorously representing their clients, both tried to bring an error of law to the attention of the trial judge, both made several attempts to get their point across and were cited for contempt.

In the *Harper* case, we see no evidence from the record that the appellant's actions amount to disregard for the court's decorum, insult to the magistrate, or undue disturbance of the proceedings. Therefore, this court holds that the return does not clearly and specifically reflect contemptuous conduct by the appellant, and the finding of contempt is reversed.

Reversed.