23097

The STATE, Respondent v. Bennie Charles TANNER, Appellant.

(385 S. E. (2d) 832)

Supreme Court

*John H. Blume,* Columbia, *Reese I. Joye, Jr.,* of *Joye Law Firm,* and *D. Mark Stokes,* of *Pieper & Stokes,* North Charleston, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen., Harold M. Coombs, Jr., Norman Mark Rapoport* and *Staff Atty. Miller W. Shealy, Jr.,* Columbia, *Sol. Wade S. Kolb, Jr.,* and *Asst. Sol. R. Ferrell Cothran, Jr.,* Sumter, *for respondent.*

Heard Oct. 2, 1989.

Decided Nov. 6, 1989.

TOAL, Justice:

Bennie Charles Tanner was arrested and charged with three counts of felony driving under the influence on June 26, 1987, in connection with an accident which occurred in Clarendon County on May 24, 1987. He was subsequently indicted for these charges, as well as for two counts of reckless homicide. We reach two issues in this case: (1) whether the trial court erred in failing to grant the defen-

dant's motion for a continuance; and (2) whether a formal arrest is required before a blood sample may be taken from one suspected of driving under the influence.

## FACTS

On the day of the accident, Tanner and Ms. Dale Taylor were returning to Sumter from Goat Island on Taw Caw Creek Road. They were travelling in Ms. Taylor's car. Randy Langley was travelling in a southerly direction from Manning to Summerton on Highway 301. At the intersection of Highway 301 and Taw Caw Creek Road, the two vehicles collided. The Taylor-owned vehicle caused the collision by running a stop sign at a high rate of speed. Another car, operated by Ophelia Tindall, was struck by the Langley vehicle after the primary collision occurred, but Ms. Tindall was fortunately unharmed.

As a result of the accident, Randy Langley was killed, as was one of his passengers, Crystal Langley. Tanner and Ms. Taylor were seriously injured. Connie Summers, the second passenger in the Langley vehicle, also suffered injuries. Ms. Taylor and Tanner were taken to Clarendon Memorial Hospital for treatment. Officer John Parker arrived at the hospital some time afterwards and requested that a blood sample be taken from Tanner so that a blood/alcohol reading could be obtained.

Tanner based his defense on the assertion that he could not be guilty as charged since he was not driving at the time of the accident. He claimed that Ms. Taylor was the driver. At trial, neither Tanner nor Ms. Taylor could recall much about the accident, including which one of them was driving at the time. Several witnesses testified that Tanner was lying on the driver's side of the car after the collision, while Ms. Taylor was on the passenger side. Tanner presented an accident reconstruction expert who testified that in his opinion it was impossible to determine who had been the driver of the Taylor vehicle. There was evidence that Tanner told Officer Parker that he didn't think he was driving, but there was also evidence, admitted over objection, that Tanner told others shortly after the accident that he had been the driver.

Tanner was found guilty of three counts of felony driving under the influence on January 18, 1988, and was sentenced

to a term of fifteen years imprisonment. He timely appealed and we reverse his conviction and remand this case for a new trial.

## LAW/ANALYSIS

The defendant asserts a number of trial court errors. We hold that the failure of the trial judge to grant a continuance was error, and we therefore reverse and remand this case for a new trial.

The defendant contends that he should have been granted a continuance in this case. A motion for continuance is addressed to the sound discretion of the trial court and its ruling on such motion will not be reversed without a clear showing of abuse of discretion. *State v. Browder*, 277 S. C. 206, 284 S. E. (2d) 775 (1981).

In *State v. Squires*, 248 S. C. 239, 149 S. E. (2d) 601 (1966), we held that the trial judge did not abuse his discretion in refusing to grant a continuance. We stated there, in pertinent part: "There is no showing that any other evidence on behalf of the appellant could have been produced, or that any other points in their behalf could have been raised had more time been granted for the purpose of preparing the case for trial." *Squires*, 248 S. C. at 244, 149 S. E. (2d) at 603. *See also, State v. Vaughn*, 268 S. C. 119, 232 S. E. (2d) 328 (1977). In this instant case, blood, skin, and hair samples were taken from the Taylor-owned car after the accident and held in police custody. It appears from the record that Tanner's attorney may have become aware of the existence of these samples some time before trial. However, it is uncontroverted that in response to at least six inquiries and a Rule 8 discovery motion, Tanner's counsel was informed by the Solicitor's office that the samples were lost or misplaced. The samples were brought to the court by SLED and ten minutes before the pretrial hearing, the defendant's counsel was told of their availability.

The samples had not been tested and Tanner informed the trial court that he wished to conduct an independent examination of them, or at least to wait for a SLED analysis. Tanner therefore requested a continuance. The trial court ruled that the State could not use the samples in its case against Tanner and, on that basis, refused to grant Tanner's request for a continuance. The case proceeded to trial that

day. We hold that the trial court erred in failing to consider the potential exculpatory value of the samples. We further hold that the defendant has satisfied the *Squires* criteria of demonstrating other evidence that could have been produced, and other points in his behalf that could have been raised.

In light of the fact that Tanner's primary defense was that he was not driving at the time of the accident, Tanner correctly points out that an analysis of the samples was critical to his case. The defendant contends that the samples were removed from the driver's side of the car. Because at pretrial the trial court ruled the samples could not be used, no further information about the location of the samples was given. A testing of the samples could have supported Tanner's contention that he was merely a passenger by demonstrating that some of Ms. Taylor's hair or blood was located on the driver's side of the car. Discovering who the samples belonged to and the samples' exact location in the car may also have aided Tanner's accident reconstruction expert in arriving at his opinion about who was driving.

Therefore, the eve of trial production of these samples warranted the granting of a continuance so that the defendant could adequately ascertain the samples' full evidentiary value. No real harm would have befallen the State from this continuance, and indeed, the samples may be supportive of the State's case in Tanner's new trial. Hence, we hold that the trial court abused its discretion in not granting Tanner a continuance.

Tanner also argues that a blood sample taken from him shortly after the accident was inadmissible because Tanner had not been formally arrested prior to the withdrawal of his blood. We address this issue only to point out that such an argument has been completely precluded by our recent ruling in *State v. Williams*, 297 S. C. 290, 376 S. E. (2d) 773 (1989). In *Williams* we held that formal arrest is not a prerequisite to a warrantless seizure of a blood sample in a DUI situation, but that instead the focus is on whether probable cause to withdraw the blood existed. *See Williams*, 297 S. C. at 292, 376 S. E. (2d) at 774.

We do not address Tanner's remaining arguments, and therefore express no opinion regarding them.

Reversed and remanded.

GREGORY, C. J., and HARWELL and FINNEY, J.J., and BRUCE LITTLEJOHN, Acting J., concur.