23514

The STATE, Respondent v. James B. KING, Appellant.

(412 S.E. (2d) 375)

Supreme Court

*Charles W. Whiten, Jr.*, Anderson, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., E. Jean Howard* and *Amie L. Clifford,* Columbia, and *Sol. George M. Ducworth,* Anderson, *for respondent.*

Heard Oct. 9, 1991.

Decided Dec. 2, 1991.

*Per Curiam:*

Appellant James B. King, an Anderson County attorney, appeals the judgment of Circuit Court Judge Tee Ferguson (complainant) finding appellant in contempt of court and imposition of a $750 fine therefor. We reverse.

Appellant sought continuance of one of his cases pending in Anderson County General Sessions Court on the ground that appellant was ill. The complainant was the presiding judge.

The complainant alleges that on August 8, 1990, without a request to approach the bench, appellant approached the complainant judge behind the bench concerning the case of appellant's client. The complainant advised appellant of his conclusion that appellant's actions were improper and that he would hear the matter with the solicitor present. Later during the afternoon of August 8, appellant appeared in the judge's chambers at the request of the complainant. Complainant alleges that the appellant, upon seeing Solicitor George M. Ducworth in the judge's chamber, cursed. According to the record, appellant was admonished regarding ex parte discussions on the merits of the case. At this conference. the complainant took under advisement a letter presented by appellant from his physician concerning appellant's illness. The appellant was dismissed and instructed to return with his client on the morning of August 9.

According to the complainant, the appellant appeared in chambers at approximately 9:00 A.M. on August 9 without his client. In the exchange that followed, appellant allegedly became belligerent and argumentative. The complainant asserts that when appellant persisted after three warnings to be quiet, he directed the appellant to obtain counsel and appear in court at ten o'clock that morning for a contempt hearing.

Appellant appeared and was represented at the hearing by Charles W. Whiten, Jr., of the Anderson County Bar. Solicitor Ducworth appeared in the capacity of prosecutor in the case of the client for which appellant initially sought a continuance. Appellant's counsel moved for a continuance of the contempt hearing. Complainant denied the motion and proceeded with the hearing. The facts giving rise to the contempt action were placed on the record by the complainant. After a statement by appellant's counsel, the complainant pronounced judgment against the appellant.

The appellant maintains he approached the bench in the manner customary in Anderson County and only to discuss continuing his client's case due to appellant's illness. Appellant asserts that none of the other conduct complained of occurred in open court. Appellant notes there is no allegation of any cursing being directed toward the complainant; and contends the only curse issued in chambers was in response to Solicitor Ducworth's inquiry of how he was feeling and appellant replied, "to tell you the truth, George, I don't feel worth a damn." The appellant alleges that when he appeared in chambers on the morning of August 9, complainant sought to question him and attempted to have appellant proceed with a trial despite the medical excuse which had previously been submitted to the complainant. The appellant argues that the one hour notice was inadequate to obtain counsel and prepare for the contempt hearing; and furthermore, complainant was too emotionally involved to preside over the hearing.

The appellant alleges the complainant judge erred 1) in failing to grant a continuance of the contempt hearing; 2) in failing, if warranted, to issue a judgment of contempt contemporaneously with the offending conduct; 3) in failing to recuse himself; and 4) in his finding, unsupported by the record, of contemptuous words or conduct directed toward complainant by the appellant.

We address first appellant's motion for a continuance of the hearing on the contempt citation. A motion for continuance is addressed to the sound discretion of the trial court and its rulings will not be reversed without a clear showing of abuse of discretion. *State v. Tanner*, 299 S.C. 459, 385 S.E. (2d) 832 (1989); *State v. Bailey*, 298 S.C. 1, 377 S.E. (2d) 581 (1989).

The appellant appeared in chambers at approximately 9:00 A.M. The complainant judge set a hearing on the alleged contemptuous conduct for 10:00 A.M., which gave appellant less than one hour to obtain counsel and prepare for the proceedings. At the hearing, the complainant recited the factual circumstances as he perceived them, and appellant's counsel was required to proceed with the hearing. *The complainant noted on the record that appellant was at a disadvantage due to inadequate time for preparation.* Under these circumstances, we find that a continuance was warranted and appellant has made a clear showing of an abuse of discretion on the part of the complainant judge.

We consider next appellant's assertion that complainant's findings of contemptuous conduct is not supported by the record.

A decision regarding contempt should be reversed only if without evidentiary support or the trial judge abused his discretion. Conduct which tends to bring authority and the administration of the law into disrespect constitutes "contemptuous behavior." *Stone v. Reddix-Small,* 295 S.C. 514, 369 S.E. (2d) 840 (1988). Such contemptuous conduct must be clearly and specifically reflected in the record. *Brasington v. Shannon,* 288 S.C. 183, 341 S.E. (2d) 130 (1986).

The instances of misconduct alleged are a) that appellant approached the bench in court, without first requesting permission, and sought to speak confidentially with the complainant judge; b) that, upon seeing Solicitor Ducworth in the judge's chambers, the appellant cursed; and c) that in chambers on August 9, appellant became argumentative, belligerent and was warned three times to be quiet.

The record reflects that the complainant instantly admonished the appellant for his in-court conduct and again during the conference in chambers. We are inclined to consider that the in-court infraction, if any, has been disposed of. As to appellant's conduct in chambers, the record is devoid of any showing that appellant's cursing was directed toward the complainant judge or what words or actions constituted appellant's alleged argumentative and belligerent behavior.

We find, first, an abuse of discretion on the part of the complainant judge in failing to grant a continuance of the hearing

on the contempt citation. Second, we conclude that this record is not sufficiently clear and specific with regard to conduct which tends to bring authority and the administration of the law into disrespect, to support a judgment of contempt of court. Accordingly, the judgment of the trial court is reversed.

In view of our disposition of these issues, we find it unnecessary to address appellant's remaining exceptions.