THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Joseph Thomas, Appellant.
 
 
 

Appeal From Spartanburg County
Alexander S. Macaulay, Circuit Court
 Judge
Unpublished Opinion No. 2008-UP-114
Submitted February 1, 2008  Filed
 February 13, 2008
AFFIRMED

 
 
 
 Chief Attorney Joseph L. Savitz, III, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Shawn L. Reeves, all of Columbia; and Solicitor Harold W.
 Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM: 
 Joseph Thomas seeks to vacate a conviction and sentence, arguing the trial
 courts denial of his motion for a continuance rendered his guilty plea
 invalid.  In the alternative, Thomas seeks a new trial.  We affirm.[1]
FACTS
In 2004, the Spartanburg County Grand Jury
 indicted Thomas on one count of trafficking in more than 200 grams of cocaine, one
 count of possession of a firearm during the commission of a violent crime, and
 one count of trafficking in more than ten grams of crack cocaine.  In addition,
 Thomas was also facing a federal charge for conspiracy to escape. 
On July 5, 2005, the assistant United States attorney moved to dismiss the federal charge, purportedly so that Thomas could be
 extradited to the Bahamas, where he had been charged with murder of a police
 officer.  Although the details are not clear, there was allegedly an agreement
 that, if the federal charges were dismissed, the State would likewise dismiss
 the state charges, thus facilitating the extradition. 
At the request of the State, the attorney representing Thomas on
 the state charges was relieved in February 2006 and a public defender was
 appointed to represent him soon after.  The public defender first met with
 Thomas on June 5, 2006, when he allegedly learned Thomass trial on the state
 charges was scheduled for the following week.  About that time, defense counsel
 also received information about the alleged agreement under which the state
 charges would be dismissed.  
The case was called for trial on June 12, 2006.  When the hearing
 began, defense counsel moved for a continuance in the matter, requesting more
 time to investigate whether the state charges against Thomas should have been
 dismissed as a result of the charges pending against him in the Bahamas.  The trial court denied the request, noting the case had been on the docket since
 March 2006.  In addition, the court found Thomas would suffer no legal
 prejudice from the denial of the continuance because the disposition of the
 other charges pending against Thomas would not affect the state charges.  
 
Following a short recess after the denial of the continuance,
 Thomas agreed to plead guilty to the charge of trafficking in more than 200
 grams of cocaine.  In addition, the State agreed to dismiss the firearm charge
 and the indictment for trafficking in crack cocaine.  The trial court accepted
 Thomass guilty plea and sentenced him to twenty-five years confinement.  This
 appeal followed.
STANDARD OF REVIEW
A motion for a
 continuance is addressed to the sound discretion of the trial court and its
 ruling on such motion will not be reversed without a clear showing of abuse of
 discretion.  State v. Tanner, 299 S.C. 459, 462, 385 S.E.2d 832, 834
 (1989).  Where there is no showing that any other evidence on behalf of
 the appellant could have been produced, or that any other points could have
 been raised had more time been granted for the purpose of preparing the case
 for trial, the denial of a motion for continuance is not an abuse of
 discretion.  State v. Williams, 321 S.C. 455, 459, 469 S.E.2d 49, 51-52
 (1996) (emphasis added).  A guilty plea acts as a waiver of all
 non-jurisdictional defects and defenses.  State v. McKennedy, 348 S.C.
 270, 280, 559 S.E.2d 850, 855 (2002).
LAW/ANALYSIS
We agree with the
 State that Thomass guilty plea amounted to a waiver of his argument that he
 should have received a continuance.  See Whetsell v. State, 276
 S.C. 295, 299, 277 S.E.2d 891, 892 (1981) (The general rule is that guilty
 pleas, freely and voluntarily entered, act as a waiver of all
 non-jurisdictional defects and defenses, including the claims of a violation of
 a constitutional right prior to the plea.).  
Furthermore,
 defense counsels reason for requesting a continuance was to verify his
 understanding that it was because of the pending state charges that federal
 authorities had not taken Thomas into custody.  In response to the motion, the
 solicitor advised the court that (1) a conviction and sentence on the state
 charges would not prevent extradition; (2) the Bahamian government had not yet
 begun the formal extradition process; and (3) such a process would take several
 years.  Moreover, as the solicitor noted, Thomass defense counsel had been
 assigned to the case more than three months before the scheduled trial and the
 State had incurred considerable expenses to secure the presence of certain
 witnesses.  Under these circumstances, we hold defense counsel failed to make
 any showing that a continuance would have enabled him to prepare more fully for
 trial and the trial court therefore acted within its discretion in denying the
 continuance.
AFFIRMED.
ANDERSON, SHORT, and THOMAS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.