THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 William Hunt, Petitioner,
 v.
 State of South Carolina, Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal From McCormick County
 William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2008-UP-271
 Submitted April 1, 2008  Filed May 19,
 2008    

AFFIRMED

 
 
 
 Tara Dawn Shurling, of Columbia, for Petitioner.
 Attorney General Henry D. McMaster, Chief Deputy Attorney General
 John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Daniel E. Grigg, all of Columbia, for Respondent.
 
 
 

PER CURIAM: 
 Petitioner seeks a writ of certiorari from the denial of his application for
 post-conviction relief (PCR).
Because
 there is sufficient evidence to support the PCR judges finding that petitioner
 did not knowingly and intelligently waive his right to a direct appeal, we
 grant the petition for a writ of certiorari and proceed with a review of the
 direct appeal issue pursuant to Davis v. State, 288 S.C. 290, 342 S.E.2d
 60 (1986).[1]
Petitioner argues the trial judge erred in denying his motion for
 a continuance and denying his motion for a
 directed verdict on the charge of possession of a firearm during the commission
 of a violent crime.  We
 affirm[2] pursuant to Rule 220(b)(2), SCACR, and the following authorities: 
Issue 1: State v. Irick, 344 S.C. 460, 464, 545
 S.E.2d 282, 284 (2001) (holding an abuse of discretion
 occurs when the conclusions of the trial court either lack evidentiary support
 or are controlled by an error of law); State v. Wyatt, 317 S.C.
 370, 373, 453 S.E.2d 890, 891 (1995) (error without prejudice does not warrant
 reversal); State v. Tanner, 299 S.C. 459, 462, 385 S.E.2d 832,
 834 (1989) (holding the denial of a motion for a continuance is within the
 sound discretion of the trial court and will not be disturbed absent a clear
 showing of an abuse of discretion); State v. Lytchfield, 230 S.C.
 405, 409, 95 S.E.2d 857, 859, (1957) ([R]eversals of refusal of continuance
 are about as rare as the proverbial hens teeth.).
 Issue
 2: S.C. Code Ann. § 16-1-60 (Supp. 2007) (categorizing trafficking of
 marijuana as a violent crime); S.C. Code Ann. § 16-23-490(A) (Supp. 2007) (If
 a person is in possession of a firearm or visibly displays what appears to be a
 firearm . . . and is convicted of committing or attempting to commit a violent
 crime as defined in Section 16-1-60, he must be imprisoned five years, in
 addition to the punishment provided for the principal crime.); State v.
 Parris, 363 S.C. 477, 481, 611 S.E.2d 501, 502-03 (2005) (holding in
 reviewing a directed verdict
 motion, the trial court is concerned with the existence of evidence,
 not its weight);  State v. Zeigler, 364 S.C. 94, 102, 610 S.E.2d 859,
 863 (Ct. App. 2005) (If there is any direct evidence or any substantial
 circumstantial evidence reasonably tending to prove the guilt of the accused,
 an appellate court must find the case was properly submitted to the jury.); State
 v. Brown, 360 S.C. 581, 586, 602 S.E.2d 392, 395 (2004) (holding a
 defendant is entitled to a directed verdict
 when the State fails to present evidence on a material
 element of the offense charged, and the evidence must be
 viewed in the light most favorable to the State).    
AFFIRMED.  
HUFF,
 KITTREDGE, and WILLIAMS, JJ., concur.

[1]  In his petition for a writ of certiorari, Petitioner
 also raises three claims of ineffective assistance of counsel.  We deny the
 petition for certiorari on this issue.
[2]  Because oral argument would not aid the court in
 resolving the issues on appeal, we decide this case without oral argument
 pursuant to Rule 215, SCACR.