**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

Scott Parker, Appellant.

Appellate Case No. 2010-175766

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2012-UP-592
Submitted October 1, 2012 – Filed October 31, 2012

**AFFIRMED**

Appellate Defender Dayne C. Phillips, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy
Attorney General John W. McIntosh, Senior Assistant
Deputy Attorney General Salley W. Elliott, and Assistant
Attorney General Mark Reynolds Farthing, all of
Columbia; and Solicitor Donald V. Myers, of Lexington,
for Respondent.

**PER CURIAM:**  Parker appeals his convictions of five counts of criminal sexual conduct with a minor, arguing the trial court erred in refusing to (1) grant a mistrial and (2) grant a continuance.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial judge erred in refusing to grant a mistrial: *State v. Bantan*, 387 S.C. 412, 417, 692 S.E.2d 201, 203 (Ct. App. 2010) ("The decision to grant or deny a mistrial is within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion amounting to an error of law."); *id.* ("The granting of a motion for mistrial is an extreme measure that should be taken only when the incident is so grievous the prejudicial effect can be removed in no other way.").

2. As to whether the trial court erred in refusing to grant a continuance: *State v. Babb,* 299 S.C. 451, 454, 385 S.E.2d 827, 829 (1989) ("The granting or denial of a motion for a continuance is within the sound discretion of the trial [court] whose ruling will not be disturbed on appeal absent an abuse of discretion, resulting in prejudice to the appellant."); *State v. Tanner*, 299 S.C. 459, 462, 385 S.E.2d 832, 834 (1989) (holding the trial court did not abuse its discretion in denying a continuance when "[t]here [was] no showing that any other evidence on behalf of the appellant could have been produced, or that any other points in their behalf could have been raised had more time been granted for the purpose of preparing the case for trial.").

**AFFIRMED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.