**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Christopher A. Wellborn, Petitioner,

v.

City of Rock Hill, Respondent.

Appellate Case No. 2015-002345

---

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

Appeal From York County
The Honorable John C. Hayes, III, Circuit Court Judge

---

Memorandum Opinion No. 2017-MO-011
Heard June 14, 2017 – Filed June 21, 2017

---

**REVERSED**

---

James W. Boyd, of James W Boyd Law Firm LLC, of Rock Hill, for Petitioner.

Paula Knox Brown and Christopher Edward Barton, both of Rock Hill, for Respondent.

---

**PER CURIAM:**  The court of appeals' opinion, *Wellborn v. City of Rock Hill*, No. 2015-UP-414, 2015 WL 4755711 (Ct. App. Aug. 12, 2015), is reversed and the finding of contempt against Petitioner is dismissed pursuant to Rule 220(b)(1),

SCACR, and the following authorities: *Durlach v. Durlach*, 359 S.C. 64, 71, 596 S.E.2d 908, 912 (2004) (citing *In re Brown*, 333 S.C. 414, 420, 511 S.E.2d 351, 355 (1998)) (noting all courts have the inherent authority to punish for contempt); *Poston v. Poston*, 331 S.C. 106, 113, 502 S.E.2d 86, 89 (1998) (holding criminal contempt must be proven beyond a reasonable doubt); *Stone v. Reddix-Smalls*, 295 S.C. 514, 516, 369 S.E.2d 840, 840–41 (1988) (defining contemptuous acts as "conduct that tends to bring the authority and administration of the law into disrespect" or behavior which "interferes with judicial proceedings, exhibits disrespect for the court, or hampers the parties or witnesses"); *State v. Harper*, 297 S.C. 257, 258, 376 S.E.2d 272, 273 (1989) (noting "[c]ontempt is an extreme measure and the power to adjudge in contempt is not to be lightly asserted"); *In re McConnell*, 370 U.S. 230, 234 (1962) (quoting *Ex parte Hudgings*, 249 U.S. 378, 383 (1919)) (internal quotations omitted) (holding "[a]n obstruction to the performance of judicial duty resulting from an act done in the presence of the court . . . must clearly be shown in every case where the power to punish for contempt is exerted"); *State v. Harper*, 297 S.C. 257, 259, 376 S.E.2d 272, 274 (1989) (noting a conviction for criminal contempt requires the "*willful* commission of an undue disturbance" (emphasis added)).[1]

**REVERSED.**

**BEATTY, C.J., KITTREDGE, HEARN, JAMES, JJ., and Acting Justice L. Casey Manning, concur.**

---

[1] Because we find the allegations against Petitioner are insufficient to constitute contemptuous conduct, it is unnecessary for us to reach the merits of Petitioner's remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address additional issues when the disposition of the first issue is dispositive).