**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Zachary William Woodall, Respondent,

v.

Nicole Anastasia Gray f/k/a Woodall, Appellant.

Appellate Case No. 2017-000680

———————

Appeal From Berkeley County
Michèle Patrão Forsythe, Family Court Judge

———————

Unpublished Opinion No. 2019-UP-396
Submitted October 1, 2019 – Filed December 18, 2019

———————

**AFFIRMED**

———————

Nicole Anastasia Gray, of Fayetteville, North Carolina,
pro se.

Zachary William Woodall, of Ladson, pro se.

———————

**PER CURIAM:** Nicole Anastasia Gray (Mother) appeals the family court's order finding her in contempt of court for failing to provide Zachary William Woodall (Father) thirty days' notice prior to moving and failing to allow Father to visit their children on February 4, 2017, in violation of their corrected final order and decree of divorce (Corrected Order). Mother argues the family court erred by (1) failing to dismiss the rule to show cause due to an insufficient affidavit, (2) finding she

willfully failed to comply with the Corrected Order by failing to give thirty days' notice that she was moving, (3) finding she willfully violated the Corrected Order by prohibiting Father's visitation on February 4, 2017, (4) failing to consider the children's best interests, (5) altering its contempt order from its oral findings, and (6) failing to consider a third party attempted to pick up the children. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the family court erred in failing to dismiss the rule to show cause: *King v. King*, 384 S.C. 134, 142, 681 S.E.2d 609, 614 (Ct. App. 2009) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial court.").

2. As to whether the family court erred by finding Mother violated the Corrected Order by failing to provide thirty days' notice and failing to allow visitation on February 4, 2017: *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) (providing on appeal from the family court, this court reviews factual and legal issues de novo); *Fredrickson v. Schulze*, 416 S.C. 141, 150, 785 S.E.2d 392, 397 (Ct. App. 2016) (holding de novo review "does not require this court to disregard the findings of the family court, which saw and heard the witnesses and is in a better position to evaluate credibility and assign comparative weight to the testimony"); *Brasington v. Shannon*, 288 S.C. 183, 184, 341 S.E.2d 130, 131 (1986) ("Contempt results from the willful disobedience of a court order. Before a court finds a person in contempt, the record must clearly and specifically reflect the contemptuous conduct."); *DiMarco v. DiMarco*, 393 S.C. 604, 607, 713 S.E.2d 631, 633 (2011) ("Civil contempt must be shown by clear and convincing evidence.").

3. As to Mother's remaining issues: *Bryson v. Bryson*, 378 S.C. 502, 510, 662 S.E.2d 611, 615 (Ct. App. 2008) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority."); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.