**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

John W. Thomasson Sr., Appellant.

Appellate Case No. 2019-001517

Appeal From York County
Robert E. Hood, Circuit Court Judge

Unpublished Opinion No. 2022-UP-044
Submitted January 1, 2022 – Filed February 9, 2022

**AFFIRMED**

Appellate Defender Victor R. Seeger, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Ambree Michele Muller, both of
Columbia; and Solicitor Kevin Scott Brackett, of York,
all for Respondent.

**PER CURIAM:** John Wesley Thomasson appeals his conviction and five-year
sentence for possession of methamphetamine. On appeal, Thomasson argues the
trial court erred in denying his motion for a continuance.

We find the trial court did not abuse its discretion by denying Thomasson's motion for a continuance because he cited no facts showing he could have presented any other evidence had more time been granted. Therefore, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Tanner*, 299 S.C. 459, 462, 385 S.E.2d 832, 834 (1989) ("A motion for continuance is addressed to the sound discretion of the trial court and its ruling on such motion will not be reversed without a clear showing of abuse of discretion."); *State v. Williams*, 321 S.C. 455, 459, 469 S.E.2d 49, 51-52 (1996) ("Where there is no showing that any other evidence on behalf of the appellant could have been produced, or that any other points could have been raised had more time been granted for the purpose of preparing the case for trial, the denial of a motion for continuance is not an abuse of discretion."); *State v. Lytchfield*, 230 S.C. 405, 409, 95 S.E.2d 857, 859 (1957) ("[R]eversals of refusal of continuance are about as rare as the proverbial hens' teeth.").

**AFFIRMED.**[1]

**THOMAS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.