**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Madison Bossert, Respondent,

v.

Joshua Knowles, Appellant.

Appellate Case No. 2024-001305

———————

Appeal From Horry County
Melissa M. Frazier, Family Court Judge

———————

Unpublished Opinion No. 2026-UP-084
Submitted February 18, 2026 – Filed February 25, 2026

———————

**AFFIRMED**

———————

Joshua Knowles, of Ontario, Canada, pro se.

Sandye Teague Hicks, of Conway, for Respondent.

———————

**PER CURIAM:** Joshua Knowles (Father) appeals the family court's order finding Madison Bossert (Mother) not in contempt of the November 2022 order[1] and the July 2023 order,[2] finding Father in contempt of the November 2022 order, and awarding Mother attorney's fees and costs and sanctions. On appeal, Father argues

———————

[1] This was an order approving a custody modification agreement.
[2] This was a prior contempt order.

the family court erred in (1) finding Father did not present clear and convincing evidence that Mother violated the November 2022 and July 2023 orders by making major educational decisions regarding their minor daughter without consulting him; (2) finding Father in contempt of the November 2022 order based on spelling mistakes, speculation, and unverifiable evidence; (3) finding Father in contempt of the November 2022 order based on a misunderstanding of jurisdiction and healthcare laws of Canada; (4) finding Father in contempt of the November 2022 order based on requirements that violated federal privacy laws; and (5) awarding Mother attorney's fees and costs and sanctions. We affirm pursuant to Rule 220(b), SCACR.

First, as to issue one, we hold the family court did not err in finding Father failed to present evidence that Mother violated the November 2022 or July 2023 orders because the violations alleged by Father were not major decisions. *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); *Lewis v. Lewis*, 392 S.C. 381, 384-85, 709 S.E.2d 650, 651 (2011) (explaining the appellate court has the authority to find the facts in accordance with its own view of the preponderance of the evidence in appeals from the family court); *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018) ("[D]e novo review allows an appellate court to make its own findings of fact; however, this standard does not abrogate two long-standing principles still recognized by our courts during the de novo review process: (1) a trial [court] is in a superior position to assess witness credibility, and (2) an appellant has the burden of showing the appellate court that the preponderance of the evidence is against the finding of the trial [court].");[3] *Widman v. Widman*, 348 S.C. 97, 119, 557 S.E.2d 693, 705 (Ct. App. 2001) ("Contempt results from the willful disobedience of a court order, and before a court may find a person in contempt, the record must clearly and specifically reflect the contemptuous conduct."); *Brasington v. Shannon*, 288 S.C. 183, 184, 341 S.E.2d 130, 131 (1986) ("In a proceeding for contempt for violation of a court order, the moving party must show the existence of the order and the facts establishing the respondent's noncompliance.").

---

[3] We acknowledge *Stoney* did not address family court contempt actions or overrule *Means v. Means*, 277 S.C. 428, 431, 288 S.E.2d 811, 812-13 (1982). Nevertheless, we address this contempt question using the de novo standard of review because it is broader than the abuse of discretion standard and demonstrates the result would be the same no matter the standard used.

Second, as to issues two, three, and four, we hold the family court did not err in finding Father in contempt of the November 2022 order. The November 2022 order required Father to submit an "exhaustive list" of medical providers to Mother and the psychologist and to execute medical release forms for each provider. Although Father argues execution of the release forms would have been futile, Father's testimony established the failure to execute them was intentional as Father's primary provider in Canada had previously provided his medical records to Mother's attorney following an executed release by Father. Further, Father provided two different lists to Mother and the psychologists. Though the family court reasoned one discrepancy between the lists may have been a spelling mistake, it noted there was at least one other provider who was listed multiple times in the records provided to Mother's attorney that was not included in either of Father's lists. *See Simmons*, 392 S.C. at 414, 709 S.E.2d at 667 ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); *Lewis*, 392 S.C. at 384-85, 709 S.E.2d at 651 (explaining the appellate court has the authority to find the facts in accordance with its own view of the preponderance of the evidence in appeals from the family court); *Stoney*, 422 S.C. at 595, 813 S.E.2d at 487 ("[D]e novo review allows an appellate court to make its own findings of fact; however, this standard does not abrogate two long-standing principles still recognized by our courts during the de novo review process: (1) a trial [court] is in a superior position to assess witness credibility, and (2) an appellant has the burden of showing the appellate court that the preponderance of the evidence is against the finding of the trial [court]."); *Widman*, 348 S.C. at 119, 557 S.E.2d at 705 ("Contempt results from the willful disobedience of a court order, and before a court may find a person in contempt, the record must clearly and specifically reflect the contemptuous conduct."); *Spartanburg Cnty. Dep't of Soc. Servs. v. Padgett*, 296 S.C. 79, 82-83, 370 S.E.2d 872, 874 (1988) ("A willful act is defined as one 'done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law.'" (quoting *Black's Law Dictionary* (5th Ed. 1979))); *Brasington*, 288 S.C. at 184, 341 S.E.2d at 131 ("In a proceeding for contempt for violation of a court order, the moving party must show the existence of the order and the facts establishing the respondent's noncompliance."); *Widman*, 348 S.C. at 120, 557 S.E.2d at 705 ("Once the moving party has made out a prima facie case, the burden then shifts to the respondent to establish his or her defense and inability to comply with the order.").

Finally, as to issue five, we hold the family court did not err in awarding Mother attorney's fees and costs and sanctions because they were awarded as

compensatory contempt to reimburse Mother for costs incurred from Father's continued non-compliance with the November 2022 order. *See Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *Whetstone v. Whetstone*, 309 S.C. 227, 235, 420 S.E.2d 877, 881 (Ct. App. 1992) ("Compensatory contempt is money awarded to a party who is injured by a contemnor's action to restore the party to his original position."); *Harris-Jenkins v. Nissan Car Mart, Inc.*, 348 S.C. 171, 178, 557 S.E.2d 708, 711-12 (Ct. App. 2001) ("Compensatory contempt seeks to reimburse the party for the costs it incurs in forcing the non-complying party to obey the court's orders."); *Whetstone*, 309 S.C. at 235, 420 S.E.2d at 881 ("The award should be limited to the party's actual loss."); *Poston v. Poston*, 331 S.C. 106, 114, 502 S.E.2d 86, 90 (1998) ("[A] contemnor may be required to reimburse a complainant for the costs he incurred in enforcing the court's prior order, including reasonable attorney's fees.").

**AFFIRMED.**[4]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.