**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Cassandra L. Cole, Respondent,

v.

Daniel David Cole, Sr., Appellant.

Appellate Case No. 2024-000141

―――――――――――

Appeal From York County
Thomas Henry White, IV, Family Court Judge

―――――――――――

Unpublished Opinion No. 2026-UP-147
Submitted March 2, 2026 – Filed March 24, 2026

―――――――――――

**REVERSED**

―――――――――――

Daniel David Cole, Sr., of Gastonia, North Carolina, pro se.

Cassandra L. Cole, of Blythewood, pro se.

―――――――――――

**PER CURIAM:**  Daniel David Cole, Sr., (Husband) appeals the family court's order finding him in willful contempt for failure to comply with the child support provision of Husband and Cassandra L. Cole's (Wife's) final decree of divorce. Husband argues the family court (1) erred in finding he willfully violated the final decree of divorce, (2) erred by admitting evidence of third-party income, (3) violated his right to due process by failing to appoint him counsel, (4) failed to

consider a modification of child support, and (5) erred in denying his motion to reconsider.  We reverse pursuant to Rule 220(b), SCACR.

1.  As to Issues One, Two, and Five, we hold the family court erred by finding Husband in contempt for his failure to comply with the final decree of divorce. *See Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) (clarifying the standard of review in family court matters is de novo); *Fennell v. Fennell*, Op. No. 6141 (S.C. Ct. App. filed March 18, 2026) (Howard Adv. Sh. No. 11 at 57) (recognizing the appellate courts review contempt orders arising out of the family court using a de novo standard of review).  We find the family court's finding that Husband willfully failed to pay his child support obligation was not supported by clear and convincing evidence.  *See Ex parte Kent*, 379 S.C. 633, 637, 666 S.E.2d 921, 923 (Ct. App. 2008) ("Contempt results from the willful disobedience of a court order and before a person may be held in contempt, the record must be clear and specific as to acts or conduct upon which the contempt is based."); *Poston v. Poston*, 331 S.C. 106, 113, 502 S.E.2d 86, 89 (1998) ("Civil contempt must be proven by clear and convincing evidence."); *Widman v. Widman*, 348 S.C. 97, 120, 557 S.E.2d 693, 705 (Ct. App. 2001) ("In a proceeding for contempt for violation of a court order, the moving party must show the existence of the order, and the facts establishing the respondent's noncompliance." (quoting *Brasington v. Shannon*, 288 S.C. 183, 184, 341 S.E.2d 130, 131 (1986))); *id.* ("Once the moving party has made out a prima facie case, the burden then shifts to the respondent to establish his or her defense and inability to comply with the order.").  Husband's testimony showed he was making a good-faith effort to meet his child support obligation and his failure to comply was not willful.  Further, evidence did not support the family court's determination that social security death benefits were income to Husband or that he concealed them from the family court in bad faith. *See Lewis v. Lewis*, 392 S.C. 381, 384-85, 709 S.E.2d 651 (2011) (explaining the appellate court has the authority to find the facts in accordance with its own view of the preponderance of the evidence in appeals from the family court); *Stoney*, 422 S.C. at 595, 813 S.E.2d at 487 ("[D]e novo review allows an appellate court to make its own findings of fact; however, this standard does not abrogate two long-standing principles still recognized by our courts during the de novo process: (1) a trial [court] is in a superior position to assess witness credibility, and (2) an appellant has the burden of showing the appellate court that the preponderance of the evidence is against the finding of the trial [court]."); *Miller v. Miller*, 375 S.C. 443, 454, 652 S.E.2d 754, 759-60 (Ct. App. 2007) ("A willful act is one which is 'done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law.'"

(quoting *Widman*, 348 S.C. at 119, 557 S.E.2d at 705)); *Browning v. Browning*, 366 S.C. 255, 262, 621 S.E.2d 389, 392 (Ct. App. 2005) ("[B]efore a court may find a person in contempt, the record must clearly and specifically reflect the contemptuous conduct." (alteration in original) (quoting *Widman*, 348 S.C. at 119, 557 S.E.2d at 705)); *Moseley v. Mosier*, 279 S.C. 348, 351, 306 S.E.2d 624, 626 (1983) ("Contempt occurs when a parent ordered to pay child support voluntarily fails to pay.  When the parent is *unable* to make the required payments, he is not in contempt."), *abrogated on other grounds by Rish v. Rish*, 443 S.C. 220, 904 S.E.2d 862 (2024).

2.  As to Issues Three and Four, we hold these issues are not preserved for appellate review because Husband raised them for the first time in his motion to reconsider.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Johnson v. Sonoco Prods. Co.*, 381 S.C. 172, 177, 672 S.E.2d 567, 570 (2009) ("An issue may not be raised for the first time in a motion to reconsider.").

**REVERSED.**[1]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.