## 17531

Broadus S. GODFREY, Respondent, v. MILLS MILL No. 2 (Reeves. Brothers, Inc.) and Aetna Casualty and Surety Company,
Appellants
(108 S. E. (2d) 587)

*Messrs. Carlisle, Brown & Carlisle,* of Spartanburg, *for Appellants,*

*Messrs. Johnson & Smith,* of Spartanburg, *for Respondent,*

May 11, 1959.

OXNER, justice.

This is an appeal from an order of Judge Littlejohn requiring an employer and carrier, during the pendency of an appeal from an award of the Industrial Commission, to pay claimant weekly compensation for total disability in accordance with said award. The employer and carrier contend that payment of further compensation should be suspended until there is a final determination on the merits.

Claimant sustained on injury by accident on April 19, 1956. It was recognized as a compensable one and an agreement as to compensation in the usual form was entered into between the parties on May 2, 1956. This agreement was

approved by the Industrial Commission on May 9, 1956 and an award for temporary total disability made at the rate of $35.00 per week, beginning April 27, 1956. Compensation was regularly paid in accordance with said award through March 21, 1957 when a Final Compensation Settlement Receipt signed by claimant on March 20, 1957 was filed with the Commission.

During November, 1957, claimant's counsel requested the Industrial Commission to reopen the case. On December 16, 1957 the Commission ordered a hearing, which was held on February 12, 1958, for the purpose of determining whether or not the employer and carrier had a right to stop payment of compensation. Thereafter on May 22nd, the hearing Commissioner found that total disability had never ceased and ordered that the award of May 9, 1956 be continued in full force and effect; that weekly compensation as provided therein "be resumed as of March 22, 1957 and continued weekly from that date for a period not to exceed 500 weeks for all such payments, or $10,000.00, or until it is found by the South Carolina Industrial Commission that total disability has ceased." On appeal to the full Commission, the opinion and award of the hearing Commissioner was approved on September 8, 1958. The employer and carrier appealed to the Court of Common Pleas. The appeal was heard by Judge Griffith, then presiding in the Seventh Circuit, on September 23, 1958. He took the case under advisement and requested counsel to file briefs.

On October 14, 1958, claimant's counsel gave notice of a motion to be heard before either Judge Griffith, the presiding Judge, or Judge Littlejohn, the resident Judge, for an order requiring the employer and carrier to pay compensation in accordance with the award. On October 17th counsel for the employer and carrier gave notice of a motion before Judge Griffith for an order staying enforcement of the award until the case was decided on the merits. Judge Griffith was unable to hear either of the foregoing motions. Finally, the motion of claimant was heard on October 24, 1958 by Judge

Littlejohn who on October 27th issued an order requiring the employer and carrier to forthwith pay all weekly compensation from March 22, 1957 to date, amounting to $2,940.00, and to continue these weekly payments in accordance with the award of the Commission. Thereafter a motion by the employer and carrier for a supersedeas was heard by this Court in November, 1958, and refused. On November 7, 1958, Judge Griffith issued an order sustaining the award made by the Industrial Commission on September 8th.

The employer and carrier have appealed both from the order of Judge Griffith and that of Judge Littlejohn. This opinion relates solely to the appeal from the last mentioned order.

The order of Judge Littlejohn requiring the employer and carrier to make the payments provided for in the award of the Industrial Commission during the pendency of the appeal from said award is fully sustained by *Bagwell v. Ernest Burwell, Inc.,* 227 S. C. 168, 87 S. E. (2d) 583. In that case periodic payments to a dependent of an employee who suffered accidental death were directed to be made during the pendency of an appeal from the award notwithstanding the fact that the award was ultimately reversed. *Bagwell v. Ernest Burwell, Inc.,* 227 S. C. 444, 88 S. E. (2d) 611. Permission was granted to appellants to criticize this case but after careful consideration, we adhere to this decision.

Affirmed.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.