17673

Hattie Mae CASE, Appellant, v. HERMITAGE COTTON MILLS
and American Mutual Liability Insurance Company, Respondents
(115 S. C. (2d) 57)

516

*Messrs. J. Clator Arrants* and *Murchison, West & Marshall,* of Camden, *for Appellant,*

*Messrs. McKay, McKay, Black & Walker,* of Columbia, *for Respondents,*

*Messrs. J. Clator Arrants* and *Murchison, West & Marshall,* of Camden, *for Appellant, by way of Supplemental Brief,*

*Messrs. McKay, McKay, Black & Walker,* of Columbia, *for Respondents, by way of Supplemental Brief,*

June 23, 1960.

LEGGE, Justice.

This case was argued on appeal immediately after one between the same parties, to which it was the sequel. Both were concerned with workmen's compensation. The first was an appeal by the employer and its carrier from a circuit court order dated June 1, 1959, affirming the Industrial Commission's award in favor of the claimant. We reversed (S. C., 113 S. E. (2d) 794), holding the claim barred by the one-year statute, Code 1952, Section 72-303. The second was an appeal by the claimant from an order of the circuit court staying execution of its judgment in her favor. We ordered reargument of it for the purpose of reviewing certain of our decisions, to which we shall later refer, and of clarifying the status of employer and claimant with respect to payment of compensation during the pendency of appeals following an award.

The accident from which the claim arose occurred on April 9, 1956; taking of testimony before the hearing Commissioner was completed in October, 1957; his award was made on January 28, 1959; a majority of the Commission affirmed, by their award filed May 4, 1959; and that award was affirmed by the order of the circuit court dated June 1, 1959, before mentioned. On June 2, 1959, the employer and its carrier served notice of intention to appeal to this court, and at the same time served notice that they would move on June 6 before the circuit judge for a stay of execution of his order of June 1. By agreement, this motion was submitted without oral argument; and on June 30, 1959, the circuit judge issued his stay order, conditioned upon the filing of a *supersedeas* bond, which was done. The claimant's appeal

from that order, now before us, charges abuse of discretion in its issuance.

Section 72-356 of the 1952 Code, originally Section 60 of the Workmen's Compensation Law (Act No. 610 of the 1935 Acts of the General Assembly, 39 St. at Large, p. 1231), reads as follows:

"The award of the Commission, as provided in § 72-354, if not reviewed in due time, or an award of the Commission upon such review, as provided in § 72-355, shall be conclusive and binding as to all questions of fact. But either party to the dispute may, within thirty days from the date of such award or within thirty days after receipt of notice to be sent by registered mail of such award, but not thereafter, appeal from the decision of the Commission to the court of common pleas of the county in which the alleged accident happened or in which the employer resides or has his principal office for errors of law under the same terms and condition as govern appeals in ordinary civil actions. In case of an appeal from the decision of the Commission on questions of law, such appeal shall operate as a *supersedeas* for thirty days only and thereafter the employer shall be required to make payment of the award involved in the appeal or certification until the questions at issue therein shall have been fully determined in accordance with the provisions of this Title."

Section 72-357 was originally Section 61 of the Workmen's Compensation Law. The portion of it pertinent to our present inquiry reads as follows:

"Any party in interest may file in the court of common pleas of the county in which the injury occurred a certified copy of a memorandum of agreement approved by the Commission, an order or decision of the Commission, an award of the Commission unappealed from or an award of the Commission affirmed upon appeal, whereupon such court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same as

though such judgment had been rendered in a suit duly heard and determined by such court. * * *"  .

Section 7-412, relating to appeals from the Circuit Court to the Supreme Court, reads as follows:

"A notice of appeal from a judgment directing the payment of money shall not stay the execution of the judgment unless the presiding judge before whom the judgment was obtained shall grant a stay of execution; but after notice of appeal has been given the plaintiff shall not enforce a sale of property without giving an undertaking or bond to the defendant, with two good sureties, in double the appraised value of the property or double the amount of the judgment, conditioned to pay all damages which the defendant may sustain by reason of such sale in case the judgment is reversed. Nor shall the plaintiff in such case be allowed to proceed with a sale of defendant's property if the defendant do enter into an undertaking, with good sureties, in double the appraised value of the property or the amount of the judgment, to pay the judgment with legal interest and all costs and damages which the plaintiff may sustain by reason of the appeal or to produce the property levied on and submit to the sale in case the judgment be confirmed."

Section 7-418 provides that whenever the defendant executes the bond mentioned in Section 7-412 "it shall stay all further proceedings in the court below upon the judgment appealed from."

Section 60 of the Act, before quoted, first came under review by this court in *Bannister v. Shepherd,* 191 S. C. 165, 4 S. E. (2d) 7. In that case, some two months having elapsed since service of the carrier's notice of intention to appeal from the circuit court's judgment affirming the Commission's award, and the appeal not having been perfected, the circuit court ordered the carrier to show cause why it had not complied with the judgment. In its return to that order, the carrier contended that the filing of the notice of intention to appeal had operated, *per se,* as a *supersedeas;* that the judg-

ment could not be enforced until the issues raised by the appeal had been finally determined; that if it should be required, pending the appeal, to make the payments provided for in the award, it would have no way of recovering them in the event that the Supreme Court should reverse the judgment appealed from; and that Section 60 if construed as requiring it to make such payments would be unconstitutional. These contentions were rejected by circuit judge Bellinger, whose order this court approved on appeal. From that order we note the following:

1. Section 60 of the Act was held to give, *per se,* to the appellant a *supersedeas,* "but only for the period of thirty days." Although the order did not expressly so state, the language of the statute indicates that the period of the *supersedeas* commences when the appeal is taken from the decision of the Commission to the court of common pleas, *i. e.,* not more than thirty days after the date of the Commission's award or receipt of notice of such award by registered mail.

2. Whether, after the expiration of the period of *supersedeas,* payment of the amounts awarded as weekly compensation only should be made to the employee pending final determination of the appeal, is not expressly stated in the order. Nor is it clear from the order whether such weekly payments pending the appeal should be calculated retrospectively from the date of the accident or from the date of the award of the Full Commission (the hearing Commissioner had ruled against the claimant holding that the Commission was without jurisdiction), or prospectively from the date of the judgment of the circuit court. But that the court had in mind only the weekly compensation payments accruing from and after the award of the Full Commission is suggested by the following portion of the order:

"Upon consideration of defendant's first ground of objection, at first glance it does seem unfair to require the payment of the award during the pendency of an appeal, especially so when there is no way prescribed for its recovery in the event the award should be set aside. But, however, when

we consider the purpose of enacting the Workmen's Compensation Act, *i. e.,* to provided a system 'whereby employers and employed might escape from personal injury litigation and every employee not guilty of willful misconduct might receive at once a reasonable recompense for injuries accidentally received in his employment under certain fixed rules and without friction' (71 C. J. 242-3) it does not seem unreasonable or unfair. In *Employers' Mutual Ins. Co. v. Industrial Commission of Colorado,* 65 Colo. 283, 284, 176 P. 314, 316, the Supreme Court of Colorado in refusing to enjoin the payment of an award by the Industrial Commission of that state, said: 'It is to be noted in this connection that the judgment of the Commission in favor of a claimant is *prima facie* evidence of his right to recover. Procedure under the act is summary in character in order to furnish immediate aid to injured employees, and a careful reading of the statute as a whole leads to the conclusion that it was the intention of the legislature that payment of these weekly allowances should not be stayed. Indeed, to hold that such payments can be enjoined pending judicial review would in effect practically nullify one of the prime objects and purposes of the law.' What the Supreme Court of Colorado said of its compensation Act may also be said of our own compensation law."

In *Bannister v. Shepherd, supra,* this court, in the same opinion that affirmed Judge Bellinger's order requiring payments to be made to the employee during the pendency of the carrier's appeal, affirmed also Judge Grimball's order that had affirmed the Commission's award.

In *McDonald v. Palmetto Theaters,* 196 S. C. 38, 11 S. E. (2d) 444, the employee had been injured on June 28, 1937, and thereafter received certain payments under the Workmen's Compensation Law. He died on May 5, 1938, and his beneficiaries contended that his death had resulted from said injury and that they were thus entitled to receive the death benefits provided under Section 38 of the Act (now, as amended, Section 72-180 of the 1952 Code). The

hearing Commissioner filed his award dated August 11, 1939, ordering that compensation be paid to the claimants in the amount of $18.00 per week for a total of three hundred fifty weeks from May 5, 1938, less credit for certain previous payments. Upon review, the full Commission reversed that award and denied the death claim. Upon appeal to the circuit court the matter came before Judge Bellinger, who, holding that the exceptions to the hearing Commissioner's findings were too general and indefinite, and that the full Commission was therefore without authority to set aside the award, by his order of June 18, 1940, reversed the opinion of the full Commission and reinstated the award of the hearing Commissioner. From that order the employer and its insurance carrier appealed to this court. While that appeal was pending, judgment was entered in the court of common pleas on August 22, 1940, in favor of the claimants against the employer and the carrier pursuant to the order under appeal, $2,142.00 being the amount specified as then due. Thereafter, upon a rule requiring the employer and the carrier to show cause why they should not pay to the claimants the sums then due them under the reinstated award of the hearing Commissioner, and upon return to that rule, the matter was heard on August 27, 1940, before Judge Bellinger, who took it under advisement. On August 31, 1940, the employer and the carrier filed a *supersedeas* bond, agreeable to Sections 782 and 789 of the 1932 Code (sections 7-412 and 7-418 of the 1952 Code), for stay of execution of the judgment pending determination of their appeal to the Supreme Court. That appeal was docketed on September 11, 1940, and Judge Bellinger was so informed; but on September 30, 1940, he issued his order holding that under *Bannister v. Shepherd, supra,* an appeal would act as a *supersedeas* for only thirty days, and ordering the employer and the carrier to pay to the claimants the amount of the award, $18.00 per week, from August 11, 1939, the date of the award by the hearing Commissioner, "until the final determination of the issues raised by the appeal", *i. e.* determination of those issues by the Supreme Court.

Notice of intention to appeal to this court from Judge Bellinger's order of September 30, 1940, was duly given; but upon the appellants' petition an order was issued on October 1, 1940, by Mr. Justice (now Chief Justice) Stukes, requiring the claimants to show cause before this court at the October, 1940, term, why they should not be enjoined from proceeding further to require the petitioners to pay workmen's compensation benefits to the claimants pending final determination of the appeal to this court from the judgment of the circuit court awarding compensation; and accordingly, upon the said petition and order and the claimants' return thereto, so much of the controversy as concerned the injunction thus sought came before this court in its original jurisdiction. We there held:

1. That Section 60 of the Act, providing that an appeal from the decision of the Industrial Commission shall operate as a *supersedeas* for thirty days only, had relation only to an appeal from the decision of the Commission to the court of common pleas, and was not applicable to an appeal from that court to the Supreme Court;

2. That the provision of Section 61 of the Act before quoted (Code 1952, Section 72-357), that the judgment of the court of common pleas upon appeal from the Commission "shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though such judgment had been rendered in a suit duly heard and determined by said Court", rendered applicable, in case of appeal to the Supreme Court from such judgment, the *supersedeas* provisions of Sections 782 and 789 of the 1932 Code (sections 7-412 and 7-418 of the 1952 Code) relating to appeals in general from the circuit court to the Supreme Court; and

3. That the *supersedeas* bond filed by the employer and the carrier operated to stay execution of the judgment of the circuit court reversing the decision of the full Commission and reinstating the award of the hearing Commissioner, pending final determination of the appeal to the Supreme Court from that judgment.

The injunction prayed for was accordingly granted, the opinion of this court being filed November 13, 1940; and upon its authority Judge Bellinger's order of September 30, 1940, denying a stay of execution and directing payment of compensation, was reversed on April 4, 1941. *McDonald v. Palmetto Theaters,* 196 S. C. 400, 14 S. E. (2d) 273. In the meantime, on January 13, 1941, the judgment of the circuit court, reversing the decision of the full Commission and reinstating the award of the hearing Commissioner, was reversed by this court. *McDonald v. Palmetto Theaters,* 196 S. C. 460, 13 S. E. (2d) 602.

Sections 72-356 and 72-357 were next considered by this court in *Miller v. Springs Cotton Mills,* 225 S. C. 326, 82 S. E. (2d) 458, against a factual background different from that of either *Bannister v. Shepherd, supra,* or *McDonald v. Palmetto Theaters, supra.* In the *Miller case* the alleged accident occurred on October 26, 1951; the hearing Commissioner, on February 4, 1953, awarded compensation for temporary total disability; that award was affirmed by a majority of the full Commission on May 8, 1953, notice thereof being given on May 13; on June 11 the employer and its carrier served notice and grounds of appeal to the circuit court and at the same time requested the secretary of the Industrial Commission to certify the record to that court; the record was so certified on June 30; on July 12, 1953, claimant's counsel gave notice that he would move for an order requiring immediate payment of the accrued amount of the award, *i. e.* from October 26, 1951; that motion was heard by the circuit judge on July 31, along with the appeal; and on August 27, 1953, the circuit judge filed his order reversing the Commission's award and holding that the claimant had sustained no compensable injury. Having so found, the circuit judge concluded that it was unnecessary for him to pass upon the motion.

Upon appeal, this court, four members sitting, was unanimous in affirming as to so much of the order as reversed the Commission's award, but divided equally on the issue

whether the circuit judge had correctly decided that it was unnecessary for him to pass upon the claimant's motion. The prevailing opinion reasoned thus:

1. Appellant's award, not being either "an award of the Commission unappealed from or an award of the Commission affirmed upon appeal," Section 72-357, was incapable of enforcement by judgment, and therefore incapable of enforcement through the means of a motion or a rule to show cause.

2. When the award was reversed by the circuit court it became of no effect and was no longer in existence.

3. Had the circuit court, following its decision on the merits, ordered payment of the amount of the award accrued to that date, the claimant would have become immediately bound to restore the payment so received.

4. It is neither logical nor just to compel one person to pay money to another who is at once obligated to return it.

Two members of the court, dissenting from this disposition of the claimant's motion, were of opinion:

1. That upon the expiration of thirty days after the Commission's award (or notice thereof) the employer was by the plain language of Section 72-356 required to make payment of the amount of the award accrued from the date of the accident, and to continue to make payment of amounts thereafter accruing, until the judgment of the circuit court reversing the award.

2. That the duty of the employer to make such payments, having arisen before the circuit court had ruled on the appeal, was not affected by the judgment of reversal.

3. That the leading opinion was in conflict with the holdings in the *Bannister* and *McDonald cases*.

4. That the problem is not susceptible of perfect solution, for if payments are not made pending the appeal to the circuit court the employee will suffer, and if they are made and the award is later reversed the employer and the carrier will suffer; but, since most appeals by the employer from

the Commission to the circuit court result in affirmance, and few are not heard within thirty days, the rule requiring payments to be made after that period is of benefit to the great mass of injured employees and works no great hardship on the employer and the carrier.

*Miller v. Springs Cotton Mills, supra,* was decided by this court in April, 1954. A year later, in *Bagwell v. Ernest Burwell, Inc.,* 227 S. C. 168, 87 S. E. (2d) 583, we were again confronted with the question of payment pending the employer's appeal from the Commission's award. In that case the employee, while engaged in his work on the employer's premises on October 10, 1952, had suddenly fallen backwards to the concrete floor and thereby suffered a subdural hemorrhage, from which he died two days later. On May 8, 1953, the proceeding for compensation for his death came before the hearing Commissioner, who denied the claim. Upon review the full Commission, by majority vote, reversed the hearing Commissioner, held the case compensable, and ordered the employer and its carrier to pay to the beneficiary twenty-five dollars per week from the date of death, October 12, 1952, for a period of three hundred fifty weeks, and also to pay all medical and hospital bills and two hundred dollars on account of funeral expenses. From this award the employer and the carrier served notice and grounds of appeal on July 17, 1954 (the date of the award is not mentioned in the report of the case, but it must have been no earlier than June 18, 1954) ; and the appeal was argued before the Honorable Bruce Littlejohn, resident Judge of the Seventh Circuit, on September 1, 1954. Judge Littlejohn took the matter under advisement; and by agreement of counsel the thirty-day period of *supersedeas* under Section 72-356 was extended to sixty days. On September 27, 1954, the claimant moved before Judge E. H. Henderson, then presiding in that circuit, for an order requiring the employer and the carrier to comply with the provisions of the award; and on the same day Judge Henderson issued his order directing them to pay only the weekly payments ac-

crued, under the award, to that date. Pending decision of the appeal from it, that order was superseded by order of this court dated October 14, 1954. The opinion of this court, filed May 9, 1955, affirming Judge Henderson's order, was authored by Justice Taylor (who had written the dissenting opinion in *Miller v. Springs Cotton Mills*), and was concurred in by the Honorable J. Woodrow Lewis, Acting Associate Justice, and by the writer of the present opinion. Justice (now Chief Justice) Stukes and Justice Oxner concurred in the result. The main opinion referred to the *Bannister, McDonald,* and *Shepherd cases,* but considered none of them controlling of the issue before the Court. The concurring opinion declared the result to be in conflict with the prevailing opinion in the *Miller case,* but nevertheless warranted by the language of the statute.

(As before noted, in Bannister a single opinion affirmed not only the judgment of the circuit court affirming the Commission's award, but also the order of that court that, after consideration of Section 60 of the Act, now Section 72-356 of the Code, had required payment of the award pending the appeal; Sections 7-412 and 7-418 were not discussed. In McDonald, the hearing Commissioner's award had been reversed by the full Commission, whose decision was in turn reversed by the circuit judge, who also ordered payments to be made under the reinstated award pending disposition of the appeal here; thereafter, the appellants having filed a *supersedeas* bond under Sections 7-412 and 7-418, we enjoined the respondents from proceeding under the circuit court order to require such payments pending our disposition of the appeal; and subsequently we reversed the circuit court's judgment on the merits, 196 S. C. 460, 13 S. E. (2d) 602, and, later, reversed its order before mentioned, 196 S. C. 400, 14 S. E. (2d) 273. In Miller the Honorable Joseph R. Moss (then Circuit Judge, now a member of this court), having reversed the Commission's award, found it unnecessary to pass upon the claimant's motion to require payment of the award pending the appeal to the circuit court,

and therefore did not undertake to construe Section 72-356; and his conclusion in that regard was on appeal upheld by an evenly divided court that was, however, unanimous in affirming his judgment on the merits.)

In *Godfrey v. Mills Mill No. 2,* 234 S. C. 401, 108 S. E. (2d) 587, the claimant's injury sustained on April 19, 1956, was admittedly compensable. On May 9, 1956, the Commission, approving an agreement that had been entered into between the parties, made its award for temporary total disability at the rate of thirty-five dollars per week beginning April 27, 1956. Pursuant to that award, compensation was regularly paid through March 21, 1957, at which time a final compensation settlement receipt, signed by the claimant, was filed with the Commission. On December 16, 1957, claimant's counsel having requested that the case be reopened, the Commission ordered a hearing for the purpose of determining whether or not the employer and the carrier had had the right to stop payment of compensation. That hearing was held on February 2, 1958, and on May 22 the hearing Commissioner, having found that claimant's total disability had never ceased, ordered that the award of May 9, 1956, be continued in force and that weekly compensation as therein provided be resumed as of March 22, 1957, and continued until the maximum aggregate compensation provided by the Act should be reached or the Commission should prior thereto find that total disability no longer existed. The full Commission, reviewing this award, affirmed it on September 8, 1958. Appeal from the Commission was heard by the Honorable Steve C. Griffith, then presiding in the Seventh Circuit, on September 23, 1958; and he took the case under advisement. On October 14, 1958, counsel for the claimant gave notice that they would move before either Judge Griffith, the presiding Judge, or Judge Littlejohn, the resident Judge, for an order requiring the employer and the carrier to pay compensation in accordance with the award. On October 17, counsel for the employer and the carrier gave notice that they would move before Judge Griffith for

an order staying enforcement of the award pending decision of the appeal on the merits. Judge Griffith was unable to hear either motion. Claimant's motion was heard by Judge Littlejohn on October 24, 1958, and on October 27, he issued an order requiring payment of the weekly compensation from March 22, 1957, to that date and thereafter until the pending appeal on the merits should be disposed of. Appeal was duly taken from that order, and thereafter, at the November, 1958, term of this court, the employer and the carrier moved, unsuccessfully, for a *supersedeas* of it. On November 7, 1958, Judge Griffith issued his order affirming the Commission's award. On May 11, 1959, we affirmed Judge Littlejohn's order of October 27, 1958, *Godfrey v. Mills Mill No. 2,* supra, and on May 18, 1959, we affirmed Judge Griffith's order of November 7, 1958, *Godfrey v. Mills Mill No. 2,* 234 S. C. 442, 108 S. E. (2d) 832.

It is apparent from the foregoing review of all of our decisions concerning it, that interpretation and application of the *supersedeas* provision of Section 72-356 have presented a difficult problem, on the solution of which this court has not always been unanimously agreed. The importance of the matter, recurrence of the problem in varying aspects and under various factual situations, and the increasing volume of litigation under the workmen's compensation law have led us, after careful reconsideration of our previous decisions, to set forth herein our conclusions with regard to the employer-employee status following appeal from an award. Much of what we shall say is not required for the determination of the case at bar; but, as *dictum,* it will serve to express our considered view of the subject.

The American concept of workmen's compensation is founded upon recognition of the advisability, from the standpoint of society as well as of employer and employee, of discarding the common law idea of tort liability in the employer-employee relationship and of substituting therefor the principle of liability on the part of the employer, regardless of fault, to compensate the employee, in

predetermined amounts based upon his wages, for loss of earnings resulting from accidental injury arising out of and in the course of the employment. Since such compensation is based not upon need but upon wages, it may in some instances and may not in others be sufficient, when added to his remaining earning ability, to enable the injured employee to live without being a burden to others. To say that the purpose of such legislation is to prevent his becoming a public charge is perhaps to overstate the case, for as matters now stand its aim is to aid in, rather than to insure, the accomplishment of that end. But, however that may be, the courts of this country have without exception viewed the workmen's compensation law as intended primarily for the benefit of the injured employee and to be construed liberally for his protection.

The thirty-day *supersedeas* provision of the Act (Code 1952, Section 72-356), is, we think, indicative of legislative intent, in furtherance of the beneficient purpose of workmen's compensation, to assure to an employee whose disability has been adjudged compensable by the Commission, financial aid, to the extent of the weekly payments provided for in the award (subject to the thirty-day *supersedeas*), so long as the award shall remain in force. That this provision should be construed as requiring such weekly payments to continue pending determination of the employer's appeal from a judgment of the circuit court affirming the Commission's award, is compelled by the following considerations:

1. The statute (Section 72-356) does not expressly or by necessary implication limit the time during which such payments must be made to the period commencing with the expiration of the thirty-day *supersedeas* and ending with the circuit court's judgment of affirmance. In the ordinary, nontechnical, sense, the award is still "under appeal" when, after its affirmance by the circuit court, appeal from such affirmance is pending.

2. If it be true, as we think it is, that the purpose of the statute is to provide some means of substance for the injured employee pending determination of the employer's appeal, that purpose would be defeated if the employer, who is required to make such payments pending decision by the circuit Court of his appeal from the Commission's award, should be able to discontinue them after that court has affirmed it and until his appeal from that judgment has been disposed of.

3. The provision, in Section 72-357, to the effect that the judgment of the circuit court on appeal from the Commission's award "shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though such judgment had been rendered in a suit duly heard and determined by such court", does not expressly or by necessary implication render the general *supersedeas* provisions of Sections 7-412 and 7-418 applicable to appeals from the circuit court to the supreme court in workmen's compensation cases. On the contrary, we think that the provisions of Sections 7-412 and 7-418, being *supersedeas* provisions of the general law relating to appeals, must yield to those of the workmen's compensation act (Section 72-356), a subsequent law, special in its nature, with which they are in conflict.

4. Since no right to *supersedeas* exists except by virtue of express statutory authorization, 3 Am. Jur., Appeal and Error, Section 538; 4A C. J. S. Appeal and Error § 629; *Bannister v. Shepherd, supra,* and since such right, in workmen's compensation cases, is derived only from Section 72-356, the express provision in that statute that after the expiration of 30 days following his appeal from the Commission's award "the employer shall be required to make payment * * * until the questions at issue * * * shall have been fully determined * * *" seems clearly to mean that there shall be no *supersedeas* of the Commission's award, or of a circuit court judgment affirming it, except the thirty-day *supersedeas* that under this Section is automatically effected by the appeal to the circuit court.

The Commission's award includes in many instances, in addition to weekly benefits, other payments, such as for disfigurement, medical expenses, etc. to be made to or for the account of the injured employee. We construe Section 72-356 as requiring payment, after the expiration of the thirty-day *supersedeas* period and during the pendency of the employer's appeal to the circuit court (and, in case of affirmance there and appeal from that judgment, during the pendency of that appeal and until its final determination) not of such additional amounts, but only of the weekly compensation accruing after the date of the Commission's award. Our reasons for this conclusion follow.

The provision in Section 72-356 that "thereafter (*i. e.,* after the expiration of the *supersedeas* period) the employer shall be required to make payment of the award * * * until" final determination of the issues, suggests continuing, rather than lump-sum of nonrecurring, payments. It is, also, susceptible of construction as referring not only to weekly payments thereafter to become due but to all payments, including those for disfigurement, medical expenses, etc., and accrued weekly compensation from the date of the accident. But as between these two possible constructions we must choose the one which, in our judgment, not only accords with the beneficent purpose of the Section (*i. e.* to make provision for the employee's support pending final determination of the employer's appeal), but also limits the payments that must be made by the employer (who cannot invoke the general *supersedeas* provisions, Sections 7-412 and 7-418, available to all other appellants from judgments for the payment of money) to those necessary to effect that purpose. For in the event that the employer's appeal or appeals should result in overthrow of the award, the employee would thereby be obligated to restore the payments that he had received, 3 Am. Jur., Appeal and Error, Section 1242; 5B C. J. S., Appeal and Error, § 1980; Restatement, Restitution, Section 74; *Miller v. Springs Cotton Mills, supra;* and that he may, and probably will, be unable in such case to do so, is implicit

in the provision of Section 72-356 looking to his support during the pendency of the appeal.

Since under our view Section 72-356 is to be construed, in fairness to both employee and employer, as according preferential creditor status to the former only from the time of adjudication (by the Commission) in his favor, it follows that, if the Commission should deny him compensation and upon his appeal the circuit court should reverse the Commission and hold his claim compensable, the weekly payments to be made by the employer pending determination of an appeal from that judgment to the Supreme Court should commence from the date of the circuit court's judgment and should not be calculated retroactively from the date of the Commission's decision.

Recurring to the case at bar, it is manifest from what has been hereinbefore said that Judge Bellinger's order was erroneous to the extent that it purported to stay payment of weekly compensation from the date of the Commission's award until the determination by this court of the employer's appeal on the merits. But it is equally clear that the employee, appellant in the instant case, can derive no benefit from that error; for by our judgment on the main appeal reversing the judgment of the circuit court and consequently the Commission's award we have determined that her claim was barred by the statutory limitation and therefore not compensable. Reversal of the order under appeal, for such error, would be a futile gesture, because although on the one hand the employer would be obligated to make such payment, on the other the employee would be equally and simultaneously obligated to make restitution of the amount so received. In these circumstances the error was harmless, and the appeal is therefore dismissed.

STUKES, C. J., and TAYLOR, OXNER and Moss, JJ., concur.