672 S.E.2d 567

**Francis Ike JOHNSON, Respondent,**

**v.**

**SONOCO PRODUCTS COMPANY and GAB Robins, Inc., Appellants.**

**No. 26584.**

Supreme Court of South Carolina.

Heard Nov. 19, 2008.

Decided Jan. 20, 2009.

Michael A. Farry and David A. Wilson, both of Horton, Drawdy, Ward & Jenkins, of Greenville, for Appellants.

Vernon F. Dunbar, of Turner, Padget, Graham & Laney, of Greenville, for Respondent.

PER CURIAM:

Appellants Sonoco Products Company and GAB Robins, Inc. (collectively, Sonoco) argue the circuit court erred in granting Respondent Francis Ike Johnson's motion to compel payment of his workers' compensation benefits during the pendency of the underlying appeal. We disagree and affirm. We find that the circuit court's award of workers' compensation benefits in the underlying appeal was not stayed during the appeal. As a result, we conclude the circuit court retained authority to compel the payment of compensation benefits pursuant to Rule 225(a), SCACR. We further affirm Johnson's entitlement to interest and related sanctions. We modify the order of the circuit court only insofar as the effective date of Johnson's entitlement to relief. We remand to the circuit court to calculate Johnson's entitlement to interest as of June 15, 2005, thirty days following entry of the circuit court order awarding Johnson benefits.

## I.

The single commissioner awarded benefits to Johnson. The commission reversed, and Johnson appealed to the circuit court. The circuit court reversed the commission and awarded benefits to Johnson. Sonoco's motion to reconsider was denied, and the circuit court order became final on May 16, 2005.

Sonoco appealed to the Court of Appeals, which affirmed the judgment of the circuit court. *Johnson v. Sonoco Products Co.*, Op. No.2006–UP–281 (S.C.Ct.App. filed Sept. 20, 2006). Sonoco unsuccessfully sought rehearing in the Court of Appeals. We subsequently denied Sonoco's petition for a writ of certiorari. The remittitur was sent to the lower court on June 13, 2007.

Prior to the conclusion of the underlying appeal, Johnson filed a motion to compel payment of the compensation benefits in the circuit court, together with a subsequent motion in the circuit court for sanctions (interest and a ten percent penalty) against Sonoco. Sonoco objected to the jurisdiction of the

circuit court on two grounds: (1) the award of workers' compensation benefits was stayed during the appeal, and (2) absent a remand from the appellate court, the circuit court lacked jurisdiction to consider Johnson's motions. The circuit court rejected Sonoco's arguments and awarded relief, calculating Johnson's entitlement to interest as of the date of the single commissioner's order, May 29, 2002, and assessing a ten percent penalty. The circuit court's initial order granting relief was filed December 20, 2006, and an amended order was filed on March 6, 2007, following Sonoco's motion for reconsideration. Sonoco appealed. Thereafter, as noted above, the underlying appeal became final and the remittitur was sent to the lower court.

Following the circuit court order of March 6, 2007, Sonoco paid Johnson his compensation benefits, but continued with the current appeal challenging the award of interest and ten percent penalty. The appeal is before us pursuant to Rule 204(b), SCACR, certification.

## II.

The first issue we must resolve is whether the appeal in the underlying case stayed Sonoco's responsibility to make weekly compensation payments to Johnson. Rule 225(a), SCACR, provides the general rule that service of a notice of appeal in a civil matter automatically stays matters affected by the appeal. Some of the exceptions to this rule are found in Rule 225(b), which sets forth a non-exhaustive list. Rule 225 expressly provides that exceptions to the general rule extend beyond the list in subsection (b) and are found in statutes, court rules, and case law.

This Court provided such case law when it previously addressed this issue of whether an award of workers' compensation benefits by the circuit court would be stayed by the service of the notice of appeal in *Case v. Hermitage Cotton Mills,* 236 S.C. 515, 534, 115 S.E.2d 57, 67–68 (1960). In *Hermitage* this Court stated:

[I]f the Commission should deny him compensation and upon his appeal the circuit court should reverse the Commission and hold his claim compensable, the weekly payments to be made by the employer pending determination of

an appeal from that judgment to the Supreme Court should commence from the date of the circuit court's judgment and should not be calculated retroactively from the date of the Commission's decision.

*Id.* In making this determination, this Court interpreted section 72–356 of the South Carolina Code (1952). *Hermitage,* 236 S.C. at 534, 115 S.E.2d at 67. This section is substantially similar to section 42–17–60 of the South Carolina Code (Supp. 2007). We hold that the rule in *Hermitage* is on point. Therefore, when the commission's denial of benefits is reversed and the award is made by the circuit court, the weekly payments are not stayed by the appeal.[1]

We further note that we have already made such a ruling in *this* case. In an order issued by this Court on November 14, 2006, this Court granted Sonoco's motion for an extension of time to file its petition for certiorari, and we specifically stated that the award of benefits to Johnson "is not stayed by the pendency of this matter." This Court went on to cite section 42–17–60; Rule 225, SCACR; *Hermitage,* 236 S.C. 515, 115 S.E.2d 57; and *McLeod v. Piggly Wiggly Carolina Co.,* 280 S.C. 466, 313 S.E.2d 38 (Ct.App.1984).

We next turn to the authority of the circuit court to compel, in the absence of a remand order, the weekly payments during the pendency of the appeal. The answer is unambiguously provided in Rule 225(a), SCACR, which states, "[t]he lower court ... retains jurisdiction over matters not affected by the appeal *including the authority to enforce matters not stayed by the appeal."* (emphasis added). The circuit court retained authority to compel the payment of weekly benefits, and Sonoco's arguments to the contrary are without merit. No remand from the appellate court was necessary. Moreover, because the awards of interest and penalty are inextricably linked to Sonoco's nonpayment of benefits, we follow the rationale of *Hermitage* and hold that the matters of interest and penalty were not stayed by the appeal.

---

1. We recognize the procedure followed in this case has been statutorily modified. For injuries occurring on or after July 1, 2007, appeals from the Workers' Compensation Commission go directly from the commission to the Court of Appeals. *See* Act 111, 2007 S.C. Acts 111.

■ Sonoco further challenges the authority of the circuit court to award interest and assess the ten percent penalty under section 42–9–90 of the South Carolina Code (1976). Sonoco contends such an award rests exclusively in the Workers' Compensation Commission. We find this issue is not preserved. The issue first appears in Sonoco's motion seeking reconsideration of the circuit court's December 20, 2006 order. An issue may not be raised for the first time in a motion to reconsider. *Commercial Credit Loans, Inc. v. Riddle*, 334 S.C. 176, 186, 512 S.E.2d 123, 129 (Ct.App.1999) ("Further, because the transcript of the proceedings below is omitted from the record, it appears the first time Commercial Credit made this argument was in its Rule 59(e) motion for reconsideration. Accordingly, this issue is not properly preserved for our review."). The matters of interest and the ten percent penalty were squarely before the circuit court, and Sonoco's pre-hearing written responses to Johnson's motions did not raise the section 42–9–90 challenge. Moreover, the transcript of the hearing in the circuit court is not included in the record on appeal. *Medlock v. One 1985 Jeep Cherokee VIN 1JCWB7828FT129001*, 322 S.C. 127, 132, 470 S.E.2d 373, 376 (1996) ("The appellant has the burden of providing this court with a sufficient record upon which to make a decision."); *Smith v. Ridgeway Chemicals, Inc.*, 302 S.C. 303, 306, 395 S.E.2d 742, 744 (Ct.App.1990) ("It is incumbent upon an appellant to present a record sufficient to permit a review of a trial judge's rulings."). We therefore affirm the awards of interest and ten percent penalty. Johnson is additionally entitled to interest on the ten percent penalty.

■ We do agree with Sonoco's final assignment of error that Johnson is not entitled to interest from the date of the single commissioner's order. We are guided by the reasoning of *Hermitage*. 236 S.C. at 534, 115 S.E.2d at 67–68 ("[U]pon his appeal [if] the circuit court should reverse the Commission and hold his claim compensable, the weekly payments to be made by the employer pending determination of an appeal from that judgment to the Supreme Court should commence from the date of the circuit court's judgment and should not be calculated retroactively from the date of the Commission's decision."). This Court in *Hermitage* cited to section 72–356

of the South Carolina Code (1952) in referencing a thirty-day supersedeas on appeals from an award of benefits.  *Id.*

Section 72–356 is the predecessor to section 42–17–60 of the South Carolina Code (Supp.2007).  The thirty-day time period for appeals remains a part of section 42–17–60, with the provision that "after that time, the employer is required to make weekly payments of compensation and to provide medical treatment ordered...." Because the commission denied Johnson's claim and the circuit court awarded benefits, we apply this statutory thirty-day supersedeas following the entry of the circuit court order, after which the compensation payments should have been made.  There was no legitimate reason to justify or excuse Sonoco's failure to pay compensation benefits to Johnson during the pendency of the underlying appeal.  Johnson is therefore entitled to an award of interest calculated from June 15, 2005, which is thirty days from the award of benefits in the circuit court.  We remand to the circuit court for the sole purpose of calculating the interest due Johnson.

### III.

The award of workers' compensation benefits by the circuit court was not stayed by the appeal.  Pursuant to Rule 225(a), the circuit court had jurisdiction to compel the payment of benefits, as well as interest and penalty, during the pendency of the appeal.  We affirm the circuit court in its entirety, save the effective date of the award of interest.  The matter is remanded to the circuit court to calculate the award of interest calculated from June 15, 2005.[2]

**AFFIRMED AS MODIFIED;  AND REMANDED.**

TOAL, C.J., WALLER, BEATTY, KITTREDGE, JJ., and Acting Justice JAMES E. MOORE, concur.

---

2. The principle payment of the ten percent penalty ($20,513) should be made promptly.  Moreover, the parties can compute the amount of interest due Johnson, and we urge the parties, through counsel, to do so and bring this unreasonably protracted litigation to an end.  The circuit court should not be further burdened with this unnecessary litigation.