**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Danher Wang, Respondent,

v.

Jian-Yun Dong, Appellant.

Appellate Case No. 2022-001197

---

Appeal From Charleston County
FitzLee H. McEachin, Family Court Judge

---

Unpublished Opinion No. 2026-UP-149
Submitted March 2, 2026 – Filed April 1, 2026

---

**AFFIRMED**

---

Jian-Yun Dong, of Charleston, pro se.

Peter D. DeLuca, Jr., of DeLuca & Maucher, LLP, of Goose Creek, for Respondent.

---

**PER CURIAM:** Jian-Yun Dong (Husband), pro se, appeals the family court's order finding him in willful contempt for failure to comply with the terms and provisions of Husband and Danher Wang's (Wife's) final decree of divorce. Husband argues (1) Wife failed to prove he willfully violated the final decree of divorce, (2) he was entitled to a set-off, (3) he was entitled to the defense of laches, (4) Wife was precluded from asserting her claims under the doctrine of unclean

hands, and (5) the defense of equitable estoppel applies.  We affirm pursuant to Rule 220(b), SCACR.

1.  As to Issue One, we hold the family court did not err in finding Husband in contempt for his failure to comply with the final decree of divorce.  *See Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) (clarifying the standard of review in family court matters is de novo); *Fennell v. Fennell*, Op. No. 6141 (S.C. Ct. App. filed March 18, 2026) (Howard Adv. Sh. No. 11 at 57) (recognizing the appellate courts review contempt orders arising out of the family court using a de novo standard of review); *Stoney*, 422 S.C. at 595, 813 S.E.2d at 487 ("[D]e novo review allows an appellate court to make its own findings of fact; however, this standard does not abrogate two long-standing principles still recognized by our courts during the de novo review process: (1) a trial [court] is in a superior position to assess witness credibility, and (2) an appellant has the burden of showing the appellate court that the preponderance of the evidence is against the finding of the trial [court]."); *Poston v. Poston*, 331 S.C. 106, 113, 502 S.E.2d 86, 89 (1998) ("Civil contempt must be proven by clear and convincing evidence."); *Ex parte Kent*, 379 S.C. 633, 637, 666 S.E.2d 921, 923 (Ct. App. 2008) ("Contempt results from the willful disobedience of a court order and before a person may be held in contempt, the record must be clear and specific as to acts or conduct upon which the contempt is based.").  Here, Husband testified he did not transfer the Nationwide Account to Wife pursuant to the terms of the parties' mediated settlement agreement (the Agreement).  Although Husband alleged he and Wife "mutually agreed" to not enforce the Agreement, he failed to produce a document signed by both parties modifying the Agreement—as required under the terms of the Agreement.  Accordingly, we find clear and convincing evidence showed Husband willfully violated the final decree of divorce by failing to transfer the Nationwide Account to Wife.  *See Miller v. Miller*, 375 S.C. 443, 454, 652 S.E.2d 754, 759-60 (Ct. App. 2007) ("A willful act is one which is 'done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law.'" (quoting *Widman v. Widman*, 348 S.C. 97, 119, 557 S.E.2d 693, 705 (Ct. App. 2001))).

2.  We hold Husband's remaining issues are not preserved for appellate review because Husband did not make it clear at the rule to show cause hearing that he was asserting the defenses of set-off, laches, unclean hands, and equitable estoppel but rather, raised them for the first time in his motion to reconsider.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to

and ruled upon by the trial [court] to be preserved for appellate review."); *Miller v. Dillon*, 432 S.C. 197, 207, 851 S.E.2d 462, 467-68 (Ct. App. 2020) ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground." (quoting *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003))); *Johnson v. Sonoco Prods. Co.*, 381 S.C. 172, 177, 672 S.E.2d 567, 570 (2009) ("An issue may not be raised for the first time in a motion to reconsider.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.