**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Terence Sullivan, Appellant.

v.

Ocean 22 Vacation Owners' Association, Inc.,
Respondent.

Appellate Case No. 2023-000969

―――――――――――――

Appeal From Horry County
R. Keith Kelly, Circuit Court Judge

―――――――――――――

Unpublished Opinion No. 2026-UP-016
Submitted October 1, 2025 – Filed January 21, 2026
Withdrawn, Substituted, and Refiled May 13, 2026

―――――――――――――

**AFFIRMED**

―――――――――――――

Jeffrey Ryan Heiskell, of Bell Legal Group, of
Georgetown, and Joseph Clay Hopkins, of Charleston,
for Appellant.

Nicholas James Rivera, Russell Grainger Hines, and
Edward D. Buckley, Jr., of Young Clement Rivers, of
Charleston, all for Respondent.

―――――――――――――

**PER CURIAM:** This appeal arises from the circuit court's dismissal of Terence Sullivan's (Appellant's) complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the South Carolina Rules of Civil Procedure. Appellant argues the circuit court erred by (1) holding Ocean 22 Vacation Owners' Association (the Association) was Appellant's statutory employer under the South Carolina Workers' Compensation Act (the Act); and (2) ignoring case law that requires statutory employers to procure workers' compensation insurance. We affirm.

1.      Appellant argues the circuit court erred in finding the Association was his statutory employer pursuant to the Act. We disagree. In making this determination, the circuit court found (1) the Association qualifies as a business under the Act, and (2) the work in which Appellant was engaged at the time of the accident was an important part of the Association's trade, business, or occupation. As such, the circuit court dismissed Appellant's complaint for lack of subject matter jurisdiction because as the Association's statutory employee, Appellant's exclusive remedy was through the Act. Appellant does not dispute the Association was a business. As to the second prong, in his motion to reconsider, Appellant attempted to draw a distinction between resort and time-share businesses. However, this distinction was not raised prior to the motion to reconsider, and the circuit court properly rejected Appellant's argument. We find this issue unpreserved for our review. *See Johnson v. Sonoco Prods. Co.*, 381 S.C. 172, 177, 672 S.E.2d 567, 570 (2009) (holding "[a]n issue may not be raised for the first time in a motion to reconsider.")

2.      Appellant argues "[t]he trial court erred in holding *Harrell* [*v. Pineland Plantation, Ltd.*[1]] controlled and ignoring the Supreme Court's precedent in *Poch v. Bayshore Concrete Products/South Carolina, Inc.*[2], which requires statutory employers to procure worker's compensation insurance." We disagree. At the hearing, Appellant did not argue *Poch* to the circuit court, and instead stated *Harrell* applied. As such, the argument that the circuit court erred in ignoring *Poch* is not preserved for our review. *See TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 617, 503 S.E.2d 471, 474 (1998) ("An issue conceded in a lower court may not be argued on appeal."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779–80 (2004) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court.")

---

[1] 337 S.C. 313, 523 S.E.2d 766 (1999).
[2] 405 S.C. 359, 747 S.E.2d 757 (2013).

In any event, because the argument regarding procurement of workers' compensation was briefly addressed at the hearing, we address this issue on the merits. Appellant's argument that the Association was required to procure worker's compensation insurance is misplaced and does not account for the amendment to South Carolina Code section 42-1-415 as outlined below:

> [P]rior to the enactment and amendment of S.C. Code Ann. § 42-1-415 (Supp. 1998), the fact that the immediate employer had properly secured the payment of compensation did not remove the statutory employer's obligation under the Act.
>
> …
>
> [W]e noted in *Harrell* that our conclusion on this point was supported by the enactment and subsequent amendment of S.C. Code Ann. § 42-1-415 (Supp. 1998). Under section 42–1–415, as amended, a statutory employer no longer needs to secure the payment of compensation to avail itself of tort immunity under the Act, if the requirements of section 42-1-415 are met.

*Glover v. United States*, 337 S.C. 307, 311, 523 S.E.2d 763, 764-65 (1999) (internal citations omitted). As an initial matter, Appellant's final brief does not argue that the requirements of section 42-1-415 are not met. Instead, Appellant focuses on the incorrect notion that *Poch* required the Association to procure workers' compensation. As such, any argument that the Association did not satisfy the requirements of 42-1-415 is abandoned. *See Fields v. Melrose Ltd. P'ship,* 312 S.C. 102, 106, 439 S.E.2d 283, 285 (Ct. App. 1993) (holding "[a]n issue raised on appeal but not argued in the brief is deemed abandoned and will not be considered by the appellate court"). The circuit court held Appellant could not make the argument that the requirements of section 42-1-415 were not met for the first time in his motion to reconsider. Nevertheless, the circuit court found the requirements were met, and the documentation required by section 42-1-415(A)[3] was present via

---

[3] "Notwithstanding any other provision of law, upon the submission of documentation to the commission that a contractor or subcontractor has represented himself to a higher tier subcontractor, contractor, or project owner

the Management Agreement between Appellant's direct employer, Hilton, and the Association, which stated that Hilton was responsible for "employ[ing], compensat[ing] and supervis[ing] all persons necessary to manage, maintain, administer and operate the [Property]"; that those persons would be employees of Hilton, not the Association; and that Hilton was responsible for "[a]ll matters pertaining to employment, interviewing and screening process, supervision, compensation, promotion, and discharge of employees[.]"  The Management Agreement further recognized that, in carrying out its responsibilities under the Management Agreement, Hilton must comply with all applicable laws, which included compliance with the insurance requirements of the Act.  Such compliance was evidenced by the prior workers' compensation settlement reached between Appellant and Hilton through its workers' compensation insurance carrier.

Based on the foregoing, the decision of the circuit court is

**AFFIRMED.**[4]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

as having workers' compensation insurance at the time the contractor or subcontractor was engaged to perform work, the higher tier subcontractor, contractor, or project owner must be relieved of any and all liability under this title except as specifically provided in this section."  S.C. Code Ann. § 42-1-415 (2015).

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.